## CLARA FITCH *v.* MARTIN BUNCH, WILLIAM FITCH, AND L. A. NORTON.

DENIAL OF ALLEGATIONS OF A COMPLAINT. — Where several allegations of a complaint are connected by the conjunction " and," a denial in the answer of these allegations, conjunctively, does not amount to a denial of the allegation to which the defendant professes to respond.

NEW TRIAL. — The Court will not grant a new trial on the ground that the evidence is insufficient to justify the finding, if the moving party fails to aver that as one of the grounds on which he will rely.

AN ESCROW. — A deed deposited with a third person by the grantor, to be delivered to the grantee upon the order of the grantor, is not an escrow, as it is deemed in law to be still in the possession of the grantor.

WHEN A DEED BECOMES AN ESCROW. — A deed differs from an escrow in one particular only, and that is in its delivery. To make the deed an escrow, the parties must have bargained and sold, and performed every act necessary to constitute a complete contract, and the deed must then be deposited with a third person, to be by him delivered to the grantee upon the performance by him of some condition. The deed must no longer be under the control of the grantor.

DELIVERY OF DEED DEPOSITED BY GRANTOR. — If the grantor deposit a deed with a third person, to be by him delivered to the grantee upon the order of an agent of the grantor, and before the agent gives such order the grantor directs the third person not to deliver the deed, his authority to deliver ceases.

BILL TO CANCEL A DEED DEPOSITED WITH A THIRD PERSON. — Where a bill in equity is filed to cancel a deed which avers that the grantor deposited the same with a third person, to be by him delivered to the grantee upon the order of the grantor or his agent, and that before the agent gave the order the grantor directed the third person not to deliver the deed, but does not aver that the third person intends or threatens to deliver the deed to the grantee, or that he will disobey the instructions of the grantor, the bill does not state facts sufficient to constitute a cause of action.

WHEN A DEED PASSES TITLE. — No title will pass by a deed which is not delivered by the grantor or some one duly authorized by him.

APPEAL from the District Court, Seventh Judicial District, Sonoma County.

The facts are stated in the opinion of the Court.

*Bennett, Cook & Clark,* for Appellant, made the points that a married woman can contract and sell her real estate, and cited *McLaughlin* v. *Piatti et al.,* 27 Cal. 451; *Miller* v. *Newton,* 23 Cal. 554; and *Lewis et al.* v. *Johns et al.,* 24 Cal. 98; and that the deposit of the deed with Norton made it an escrow, and was a completion of the contract on the part of the plaintiff, and that she could not retract. They also contended that the complaint did not state facts sufficient to constitute a cause of action, and that there was a great difference between a suit brought to cancel a deed and one brought to compel a specific performance of a contract, and that it by no means followed that a Court of equity would set aside a contract already executed, even though, in case the contract had not been executed, it would refuse to decree a specific

performance; and on this last point cited *Osgood* v. *Franklin*, 2 Johns. Ch. 23, and *Twining* v. *Morrice*, 2 Bro. C. C. 331.

*Temple & Thomas*, för Respondent.

The title did not pass, and the conveyance was not complete, until the conditions of the escrow had been performed and the deed delivered. (1 Sheppard's Touchstone, 58; *Jackson* v. *Rowland*, 6 Wend. 666.)

The only cases where a deed deposited as an escrow has been held to take effect from that time by relation are, where by reason of the happening of some intermediate event—such as the death of one party—the purpose of the escrow would otherwise be defeated. But the general doctrine is well settled the other way.

The plaintiff had the right to retract the execution of the deed at any time before its delivery.

The plaintiff was not bound by the conditions of the escrow or by the deed until it was delivered to Bunch and became an operative conveyance. (12 Johnson, 421; 6 Cow. 619; and Bouvier's Law Dictionary, under head of "Escrow," and cases there cited.

By the Court, RHODES, J.:

It appears from the findings, which substantially agree with the allegations of the complaint, that the defendant Bunch, wishing to exchange fifty shares of mining stock which he held in the Humboldt Tunnelling Company for certain real estate which was the separate property of the plaintiff, deposited the stock with Norton, one of the defendants, and the plaintiff and her husband, William Fitch, executed to Bunch a deed of the real estate, and deposited it with Norton, and the parties then agreed that Fitch and Bunch should visit the works of the company in the then Territory of Nevada, and that if William Fitch should then desire to exchange the lands for the stock, he should give Bunch an order on Norton for the deed, and Bunch should give him an order on Norton

for the stock, and that Norton should, on the presentation of the orders, deliver the deed to Bunch and the stock to William Fitch. Bunch and Fitch having inspected the tunnel and mining works of the company, Bunch gave Fitch an order for the stock, and Fitch gave Bunch an order for the deed. Before those orders were given the plaintiff commenced this action against Bunch, William Fitch and Norton, to restrain Norton from delivering the deed to Bunch, and Bunch from receiving the same, and to have the deed cancelled by the order of the Court.

Bunch alone answered the complaint, and judgment having been rendered ordering the deed to be cancelled, and the motion of Bunch for a new trial having been denied, he appeals from the judgment and the order.

### *A denial in an answer.*

The defendant insists that the evidence is insufficient to sustain the finding that the lands were the separate property of the plaintiff. There are two sufficient answers to this point. First—The defendant has not denied the allegation of the complaint, that the plaintiff " is seized and possessed and is the owner, in her right, as her separate property," of the lands, for the denial in the conjunctive form adopted by the defendant, " that said plaintiff is seized *and* possessed, *and* is the owner in her own right, as her separate property, of the land," etc., has so frequently been held not to amount to a denial of the allegation to which it professes to respond, that it would be a waste of time to cite authorities. Second—The defendant has failed to state, as one of the grounds of his motion for a new trial, the insufficiency of the evidence to justify this finding of fact.

### *An escrow.*

The act of the plaintiff, in placing the deed in the hands of Norton, was not a delivery of the deed as an escrow. The delivery of a deed may be absolute, that is, to the grantee himself, or to a third person for him ; or it may be condi-

tional, that is, to a third person, with directions to keep it till some condition is performed by the grantee. In the first case, the title presently passes, but in the second case, the instrument is an escrow, and no title passes until the condition is performed, and generally, until the second delivery of the deed. (2 Bl. Com. 307; 4 Kent, 446; 2 Wash. Real Prop. 583; *Jackson* v. *Catlin*, 2 J. R. 259; *Ruggles* v. *Lawson*, 13 J. R. 285; *Green* v. *Putnam*, 1 Barb. 500.) Every act necessary to be performed by either party to the deed, in order that the present title may pass to the grantee, must also be performed, in case of an escrow, except only the delivery of the deed to the grantee. An escrow differs from a deed in one particular only, and that is the delivery. In all other requisites, they are the same. Not only must there be sufficient parties, a proper subject matter and a consideration, but the parties must have actually contracted. When the instrument purports to be a conveyance of land, the grantor must have sold, and the grantee must have purchased the land. A proposal to sell, or a proposal to buy, though stated in writing, will not be sufficient. The minds of the parties must have met, the terms have been agreed upon, and both must have assented to the instrument as a conveyance of the land, which the grantor would then have delivered, and the grantee received, except for the agreement then made that it be delivered to a third person, to be kept until some specified condition is performed by the grantee, and thereupon to be delivered to him by such third person. The actual contract of sale on the one side, and of purchase on the other, is as essential to constitute the instrument an escrow, as that it be executed by the grantor; and until both parties have definitively assented to the contract, the instrument executed by the proposed grantor, though in form a deed, is neither a deed nor an escrow; and it makes no difference whether the instrument remains in the possession of the nominal grantor or is placed in the hands of a third person, pending the proposals for sale or purchase.

The deed cannot be regarded as an escrow, for another rea-

son : There was nothing agreed to be done by or on the part of the grantee, as the condition upon the performance of which the deed was to become absolute, and to be delivered to him by the third person. It is the general rule, that a deed delivered to a third person is viewed as an escrow only in case it is agreed that the deed is to be delivered to the grantee upon the performance by him of the stipulated condition. (See 2 Phil. Ev., C. H. & E. Notes, 661, and authorities above cited.)

A still further reason is, that it cannot be properly said that the deed was delivered to Norton in the sense in which that term is used in defining an escrow ; for a deed which is deposited with a third person, to be held subject to the order of the depositor, cannot be said to be delivered, because it is deemed in law to be under the control of the depositor.

In *James* v. *Vanderheyden*, 1 Paige, 385, a deed and a bond mortgage were deposited by the makers of the instruments with a third person, to be held by him during the joint pleasure of the parties, and it was a question in the case whether the instruments, which were described as escrows in the transaction with the third person, were in fact escrows. The Chancellor held that they were not escrows, for it was evident from the written memorandum, made at the time the papers were deposited, that the parties intended that the papers should not operate as absolute deeds, without some further agreement, and that they were left with the third person as a mere depositary, without any authority to deliver them until the further consent of both parties.

### Delivery of a deed essential to pass title.

In this case, Norton was the mere depositary, holding the deed of the plaintiff, until such time as she, through her agent, William Fitch, should assent to the proposed contract. He possessed no power in respect to the deed, except as the agent of the plaintiff, and as her agent, he was of course subject to her control. She had power to revoke his authority or to direct him to make such a disposition of the deed as she might

desire, and she accordingly directed him, previous to the time when William Fitch, who was also acting solely as her agent, gave the order for the delivery of the deed, not to deliver the deed to Bunch, and informed him that she would not enter into the contract. All control over the matter on the part of Norton thereupon ceased, and the pending proposal for the sale of the land to Bunch was rejected. Thereafter Norton had no authority to deliver the deed, and any attempted delivery would have been as futile as it would have been, had the deed been obtained surreptitiously from the actual possession of the plaintiff.

Such was the position she occupied at that time, and there is nothing stated in the complaint showing that her rights in the property, or control of the deed, were in danger of being impaired or injuriously affected. It is not charged that Norton intended or threatened to pass the deed over to Bunch, or that he did or would disregard or disobey her instructions.

The order, which, it is alleged in the complaint, Bunch will persuade Wm. Fitch to give him, and which the Court finds was given after the commencement of the action, is unavailing to Bunch, even if Norton should be guilty of delivering the deed contrary to the plaintiff's directions, for the title will not pass unless the deed is delivered by the plaintiff, or some one duly authorized by her.

No question arises in this case as to what remedy, if any, Bunch is entitled to; but we hold that the plaintiff cannot demand a decree that the deed be given up to her to be cancelled, which is in the hands of her agent, who, for aught that appears, is willing to return it to her at her request.

Judgment reversed, with directions to the Court below to dismiss the suit.