## THOMAS VS. SOWARDS.

STATUTE OF FRAUDS: *Oral contract for sale of land — Delivery of deed in escrow — Recovery of moneys paid, vendor being in fault for non-performance of contract.*

1. The delivery of a deed of land in escrow, to be delivered to the purchaser on performance of certain agreements on his part, *held* not to take an oral contract of sale out of the statute of frauds, the terms of the contract not appearing from the deed.

2. The purchaser in such a case is entitled to recover moneys paid on the land, especially where the jury finds that the vendor is in fault for the non-performance of the contract.

APPEAL from the Circuit Court for *Columbia* County.

Action to recover $900 paid upon an oral contract for the sale of land, together with damages resulting to plaintiff from defendant's neglect to perform the contract on his part. The contract price of the land was $5,500, and the complaint alleges the agreement to have been, that certain mortgage incumbrances (amounting to $2,000) should be removed, and that a tenant who was occupying the land at the time of such agreement should be dispossessed, before the balance of the purchase-money was paid, so that plaintiff,

immediately upon the perfecting of the purchase, might personally occcupy and use the land. When the $900 was paid, defendant executed a warranty deed of the land to plaintiff, and delivered the same to one Cook, as an escrow; and the complaint alleges that at the same time, as a consideration for the payment of said money, defendant agreed to meet plaintiff at a certain time and place, and deliver to him the full possession of the land, with all incumbrances removed, and receive from him the balance of the purchase-money; but that he failed to remove said incumbrances or dispossess said tenant; and that, in consequence of such default, plaintiff was unable to procure the money to carry out the agreement on his part — a person who was to loan him the money upon a mortgage of the land not being willing to do so unless said tenant and said prior incumbrances were previously removed. The defendant denies that he undertook to remove said tenant, or that he was to discharge said incumbrances *before* the payment of the balance of the purchase-money, but alleges that said incumbrances were to be discharged with moneys to be paid by plaintiff, and that he was immediately thereupon to procure satisfaction of said mortgages. Each party claims to have been prevented from performing his part of the agreement only by the default of the other, and to have suffered damages from such default. And defendant alleges that he is still ready and willing to perform on his part. The court instructed the jury, at plaintiff's request, as follows:

"If you find that the 31st of October was fixed by the parties for consummating the contract, and that the plaintiff, in good faith, made arrangements to perform on his part at the time, and was at the place designated ready and able to perform, and defendant failed to appear and comply with the terms of the agreement, and in consequence of such failure the circumstances of the plaintiff were materially changed, so that he was thereby rendered unable to perform, time would be considered as

of the essence of the contract, and defendant's default in such case justifies plaintiff in rescinding the contract, and bringing his action for the money paid." At defendant's request, the following instruction was given: "If you find that no day certain was fixed by the parties when the balance of the purchase-money should be paid over and the deed delivered, plaintiff cannot recover, unless defendant had notice from the plaintiff when the money was to be so paid, coupled with a demand for the deed." The following instruction was asked for by defendant, and refused: "If defendant executed and acknowledged a good and sufficient deed, with the usual covenants of warranty, seizin, quiet enjoyment, and freedom from incumbrances, and at the same time plaintiff paid him $900 as a part of the consideration mentioned in the deed, and the deed was placed in the hands of A. G. Cook to hold till the balance of the purchase-money was paid, by a day fixed, then defendant is not in default, unless on the day fixed plaintiff demanded the deed, offering at the same time to pay said balance."

Verdict for the plaintiff; new trial denied; and defendant appealed from a judgment on the verdict.

*Emmons Taylor* and *E. E. Chapin* (with *S. U. Pinney*, of counsel), for appellant, after arguing the questions of fact, contended that the agreement for the sale and purchase of the land was void under the statute of frauds (R. S., ch. 106, sec. 8), unless the deed left in the hands of Cook as an escrow was sufficient to take it out of the statute. The deed contained none of the stipulations relied on, either as to time or place of performance, or in relation to the tenant, or the discharge of the mortgages. If plaintiff relies on the deed to take the case out of the statute, he must abide by its terms and the legal intendments therefrom. Where time is stipulated, and is of the essence of the contract, it must appear in the memorandum. Browne on St. of Frauds, § 384; *Davis v. Shields*, 26 Wend. 341. In the absence of any stipu-

lation as to time, a reasonable time will be presumed, and as to place, the vendor's customary place will be presumed to have been intended. *Salmon Falls Manuf. Co. v. Goddard*, 14 How. (U. S.) 446 ; *Atwood v. Cobb*, 16 Pick. 230. As to incumbrances, the intendment would be that the vendee intended to rely on the covenants. If the deed is to stand as the agreement of the parties, reduced to writing, then it was not competent, by parol evidence, to add to or take any thing from it. This is particularly true as to the matter of the tenant and the incumbrances. 1 Sugd. on V. & P., 164 and cases cited. It is no objection, that, at the time agreed on for the consummation of the purchase, matters remained to be done to complete the title, which in their nature were capable of being effected before the completion of the purchase. 1 Sugd. 283 ; *Stowell v. Robinson*, 3 Bing. N. C. 928. If the deed did not take the case out of the statute, there could be no recovery so long as plaintiff was willing to perform ; and tendering performance in the answer would defeat the action. In fact, the deed having been left with Cook as an escrow, plaintiff had only to pay or tender the money to Cook and receive the deed, and the entire contract would then have been performed. The parties differing about the terms of the contract, and the vendor having received the money as *payment*, and not as a loan, how can a court of law attempt to determine by parol evidence what the contract was, for the purpose of ascertaining whether the vendor was in default, when it would not enter upon such an inquiry to give either party damages for non-performance, nor would a court of equity inquire into the case upon such evidence, with a view to enforce it against either party ?

*Hazelton & Dering*, for respondent, to the point, that, the plaintiff's circumstances having been changed without his fault, in consequence of defendant's default, time will be considered as of the essence of the contract, cited 14 Peters, 172 ; *Bank of Columbus v. Hagner*, 1 id. 455 ;

*Brashier v. Gratz*, 6 Wheat. 538 ; 9 Cranch, 456–493 ; Story's Eq. Pl. 86. To the point, that, if the complaint was sustained by the evidence, plaintiff was entitled to judgment, they cited *Woodward v. Hill*, 6 Wis. 143 ; *Falkner v. Guild*, 10 id. 563 ; *Brandeis v. Neustadtl*, 13 id. 142 ; *Eddy v. Smith*, 13 Wend. 488 ; *Friess v. Ryder*, 24 N. Y. 367 ; *Colville v. Besley*, 2 Denio, 142 ; *Abbott v. Draper*, 4 id. 51.

DIXON, C. J. I expressed my views very fully upon the statute of frauds, and the right of parties in cases within it to recover back moneys paid, in *Brandeis v. Neustadtl*, 13 Wis. 142. I am of the same opinion still, and my brethren are inclined to agree with me. We must accordingly hold, that, upon demand made, the plaintiff was entitled to sue for and recover back the money paid by him, unless the execution and delivery of the deed in escrow is to be regarded as taking the case out of the statute ; and we think it cannot be so regarded. And especially must we hold that the plaintiff was so entitled, since it has been fairly submitted to the jury to say, upon testimony sufficient for that purpose, whether the defendant was in any default in not performing the supposed contract with reference to the sale of the land, and the jury have found that he was in such default. This renders the consideration of most of the exceptions noted, and points argued, unnecessary.

The point that the making and deposit of the deed in escrow took the case out of the statute, is not much pressed. It is obvious that the deed was no evidence of the supposed contract between the parties, as the flood of parol testimony taken on the trial abundantly shows. The deed was not intended to operate as such, but merely to pass title to the land upon delivery, after the performance of such contract. And besides, the deed was not in the possession or subject to the control of the alleged purchaser. He could not avail himself of it in any

respect, except by means of, and through, the verbal contract which the statute declares to be void. The controversy in this case demonstrates the wisdom of the statute, and the necessity of adhering to its provisions. Upon the testimony, it can never be certainly known what the agreement of the parties really· was; and the time of courts can be much more profitably spent in restoring them to their original condition, than in endeavoring to ferret out and ascertain, from the loose and contradictory statements of witnesses, the terms of an agreement which, when ascertained, the statute declares to have been void.

*By the Court.* — Judgment affirmed.