Campbell vs. Thomas, imp.

## CAMPBELL vs. THOMAS, imp.

*Escrow: Statute of Frauds.*

1. The conditions upon which an *escrow* was to be delivered to the grantee therein named, may rest in and be proved by parol.
2. Where the grantor in the deed retains the right of control over it, notwithstanding its deposit with a third person with instructions to deliver it to the grantee upon his compliance with specified conditions, it is *not an escrow.*
3. The mere facts that such deposit was made in pursuance of a previous *oral* agreement between the grantor and grantee for a sale of the land (void by the statute of frauds), and that a small part of the agreed price was paid at the time of such agreement, will not deprive the grantor of his right of control over the deed.
4. Whether, where the deed itself contains the *whole* contract, it is a sufficient memorandum within the statute of frauds, is an open question in this court. Some remarks of Dixon, C. J., in *Thomas v. Sowards,* 25 Wis., 631, criticised.
5. In pursuance of an oral agreement for the sale of land to him by T., C. paid a small part of the purchase money, and T. executed a deed of the land running to C. (in which the consideration was simply stated to be

42    437
82    190
42    437
83    440
42    457
103   523
42    437
54 LRA  511
54 LRA  512

$3,100), and delivered it to H., with directions to deliver it to C. if the
latter should, on the second day thereafter, deposit with H. his two notes
for a certain sum, secured by mortgage, and pay to H., for T.'s use, the
balance of the price. Within the time limited, C. offered to H. said
notes, mortgage and money; but H., by T.'s direction, refused to deliver
to C. the deed, and T. at the same time tendered back to C. the money
already paid, and left it with H. for C. upon the latter's refusal to accept
it. In an action by C. against T. and H. to compel a delivery of the
deed to him: *Held*, that as there was no execution or deposit with H.
of the mortgage from C., contemporaneously with the execution and de-
posit of T.'s deed, and as the latter deed does not contain the whole
contract alleged and relied upon by the plaintiff, there was no valid con-
tract, and the deed was not an escrow.

APPEAL from the Circuit Court for *Racine* County.

The case, stated most favorably to the plaintiff, is briefly as
follows:    The plaintiff and *Thomas* entered into a parol agree-
ment for the sale by the latter to the former of certain land,
at a stipulated price, to be secured and paid as hereinafter
mentioned.    In accordance with such parol agreement, the
plaintiff paid *Thomas* a small sum on account of the purchase
money, and the latter signed, sealed and duly acknowledged
a deed of the premises to the plaintiff (which was in the usual
form of a warranty deed), and delivered the same to Judge
Hand, his codefendant, with directions to deliver it to the
plaintiff if the latter should, two days later, deposit with
Hand his notes for a certain sum (part of the price of the
land), and a mortgage executed by him on the same land to
secure the payment of such notes, and at the same time pay
to Hand, for the use of *Thomas*, the balance of the agreed
price.    These proceedings were all in accordance with such
verbal agreement.    At the appointed time, the plaintiff depos-
ited with Hand the notes, mortgage and money as agreed, and
demanded the deed of the land; but, acting in obedience to in-
structions from *Thomas*, Hand refused to deliver the deed.
At the same time, *Thomas* tendered to the plaintiff the money
which the latter paid him when the verbal agreement was

Campbell vs. Thomas, imp.

made, and, on the refusal of the plaintiff to receive it, left the same with Judge Hand for the plaintiff.

This action was brought to compel Judge Hand to deliver to the plaintiff the deed thus deposited with him by *Thomas*. The circuit court gave judgment for the plaintiff, that the defendant Hand deliver such deed to him, and that *Thomas* pay the costs of the action. From this judgment *Thomas* appealed.

The appeal was first heard at the August term, 1875.

For the appellant, a brief was filed by *Van Buskirk & Ritchie*, and the cause was argued orally by *Mr. Van Buskirk*. They contended that, under the statute of frauds, the agreement to convey, or memorandum thereof, in writing, must " express the consideration," that is, the *true* consideration; in other words, it must contain the whole agreement of the parties, so that, when they come into court, no parol evidence shall be necessary, except to identify the parties. Some courts have held that parol evidence is incompetent even to identify different parts of the same instrument. *Blair v. Snodgrass*, 1 Sneed, 1. " The deed was no evidence of the agreement of the parties. It was not intended to operate as such, but merely to pass title to the land upon delivery after performance of such contract. The grantee named in the deed could not avail himself of it, in any respect, except by means of and through the verbal contract, which the statute declares to be void." *Sowards v. Thomas*, 25 Wis., 635. See also *Comer v. Baldwin*, 16 Minn., 172. To render operative a written contract to convey land, such contract, or the memorandum thereof required by the statute, must be delivered to the vendee (*Comer v. Baldwin, supra*), and the transaction must be such that both parties are bound. *Lanz v. McLaughin*, 14 Minn., 72; *Tarr v. Scott*, 4 Brewster (Pa.), 49; *Jones v. Noble*, 3 Bush (Ky.), 694–7.

For the respondent, a brief was filed by *Fish & Lee*, and the cause was argued orally by *Mr. Fish*. They contended,

1. That the deed delivered to Hand was a sufficient compliance with the statute of frauds. Fry on Specific Per., 202, 346; Sugden on Vend., 481; *Fowle v. Freeman*, 9 Ves., 351; 5 N. Y., 229; 14 Johns., 486, and cases there cited; 6 Wend., 9; 10 Ohio, 305; *Hodson v. Carter*, 3 Chand., 234; *Waterman v. Dutton*, 6 Wis., 265; *Cheney v. Cook*, 7 id., 413; *Hanson v. Michelson*, 19 id., 499; *Lowber v. Connit*, 36 id., 176. 2. That when *Campbell* paid *Thomas* a part of the price of the land, and the deed was executed by *Thomas*, and, by mutual direction of the parties, delivered to Hand, it was beyond the control of *Thomas*; and when *Campbell* had performed the conditions on his part, he was entitled to the instrument. *Waterman v. Dutton, supra*; *Hathaway v. Payne*, 34 N. Y., 92, 105–7; *Everts v. Agnes*, 4 Wis., 343, 352–3; *S. C.*, 6 id., 453; *Welch v. Sackett*, 12 id., 243; *Prutsman v. Baker*, 30 id., 646–9. Mutual instructions given to a depositary of a deed in *escrow* have never been held to be a contract for the sale of land, so as to be within the statute of frauds.

The following opinion was filed at the August term, 1875.

LYON, J. If the deed deposited by *Thomas* with Judge Hand was an *escrow*, we have no doubt the conditions upon which the same was to be delivered to the plaintiff, who was the grantee named therein, might lawfully rest in parol and be proved by parol. Was the instrument an *escrow?* If *Thomas*, notwithstanding the deposit, retained control of it, it was not, and he might lawfully reclaim it or prevent a delivery of it to the plaintiff. See *Prutsman v. Baker*, 30 Wis., 644, and cases cited.

It is very clear that unless there was a valid contract between *Thomas* and the plaintiff for the sale and purchase of the land described in the deed deposited with Judge Hand, such deposit was the mere voluntary act of *Thomas*, which in no manner interfered with or affected his control of the instrument. *Fitch v. Bunch*, 30 Cal., 208. Hence, the con-

trolling question to be determined, is, Did *Thomas* and the plaintiff make a valid contract for the sale and purchase of the land?

They agreed verbally, the plaintiff to purchase and *Thomas* to sell, on certain terms, which included the execution of a mortgage on the land, by the plaintiff, to secure the payment of a portion of the purchase money. But such verbal agreement was a nullity, by the statute of frauds, there having been no such part performance of the agreement as would take it out of the statute. There was no valid contract, unless the same, or some note or memorandum thereof, expressing the consideration, was in writing, and subscribed by *Thomas*. R. S., ch. 106, sec. 8. The only writing subscribed by *Thomas*, which relates to any such contract, is the deed he deposited with Judge Hand. That instrument expresses a consideration, and, if it contained the whole contract, we should have no difficulty in holding that it answers the requirements of the statute. But the difficulty is, that the deed does not contain the whole contract. It is essential to the plaintiff's case to maintain, and he does maintain, that he was to give *Thomas* his notes for a portion of the purchase money, and was to execute his mortgage on the land in controversy, to secure the same. No note or memorandum in writing of this portion of the agreement was made, and the same still rests in parol.

The contract expressed in the deed deposited with Judge Hand is a contract to sell and convey the land — the whole title thereto, absolutely, and without any reservation whatever, to the plaintiff, for a specified sum of money. But proof of such a contract is not sufficient to entitle the plaintiff to judgment. His right of action depends upon proving that *Thomas* was to retain a mortgage interest in the land as security for part of the purchase money. Had the mortgage been drawn and signed by the plaintiff at the same time the deed was signed by *Thomas*, and deposited with the deed, it would, probably, have been a sufficient compliance with the

statute.   By a familiar rule of law, the two instruments would, in such case, be construed together as constituting a single contract.   But the mortgage was not then drawn and signed, and a most material portion of the verbal agreement — that portion upon which the plaintiff's right of action depends, was suffered to remain in parol.

It necessarily follows that there was no valid contract between the plaintiff and *Thomas* for the purchase and sale of the land; that the deed deposited with Judge Hand was not an *escrow*, but remained under the control of *Thomas;* and that Judge Hand properly refused to deliver it to the plaintiff, after such delivery had been forbidden by *Thomas.*

This case, in principle, is much like that of *Thomas v. Sowards*, 25 Wis., 631, which was sharply criticised by the learned counsel for the plaintiff.   We think that case was correctly decided.   There is, however, language in the opinion which seems to assert the doctrine that although the whole of a parol contract for the sale of lands is stated in a deed of such lands, made pursuant to the contract and delivered as an *escrow*, such contract is nevertheless void if otherwise it remains in parol. We think that doctrine is erroneous.

*Thayer v. Luce & Fuller*, 22 Ohio St., 62, is an instructive case on this subject, and sustains the views above expressed. Thayer and Fuller signed an imperfect memorandum of a contract for the sale by Thayer to Fuller of certain land.   The memorandum was defective in that it contained no description or designation whatever of the land affected by the contract. At the same time Thayer signed and acknowledged an instrument in writing purporting to be a conveyance to Fuller of the land which he had, in fact, agreed to convey to him, and presented the instrument to Fuller for his approval of its terms and of the description of the land.   Fuller orally assented to and approved the instrument, and returned it to Thayer, in whose hands it remained.   The action was to compel Thayer specifically to perform his contract to sell and convey the land

to Luce and Fuller (who were jointly interested therein), and specific performance was decreed.

The defense of Thayer was, that the alleged contract was void under the statute of frauds. It was held that the memorandum alone was not sufficient ( because of such defect) to prove a valid contract of sale, but that the defect therein was supplied by the deed; the law being that the two instruments should be construed together. The court says that the passing of the deed to Fuller for his approval showed an intention by Thayer to make a proposition to sell Fuller the land therein described on the terms therein written; and it proceeds to say that this " is a legitimate and proper way to negotiate a contract of sale, and instantly that the terms thus proposed are accepted, the contract of bargain and sale is complete — not executed in fact by transfer of title, but executory and evidenced by writing signed by the vendor, within the meaning of the statute. Nor does it matter in whose possession the instrument may afterwards be placed. The executory contract is subsisting, and will continue to be valid and binding upon the parties until mutually rescinded or consummated. Such is the case under consideration. The deed was signed by the defendant below, and delivered to the plaintiffs, not as a conveyance of title, but as evidence of their executory contract of bargain and sale." It is further held that a parol acceptance by Fuller of the terms of the deed was sufficient.

In the present case it is unnecessary to say whether we would in a like case fully indorse the doctrine laid down by the supreme court of Ohio in *Thayer v. Luce & Fuller*. We so far adopt it here as to hold that, if a person who has made a parol agreement to sell land sign an instrument in the form of a conveyance of such land, to the vendee, and deposit it in *escrow*, if such instrument contains the terms of the parol agreement, including the consideration, it is a sufficient compliance with the requirements of the statute of frauds.

We deemed it our duty to make the above comments upon

the case of *Thomas v. Sowards,* not because they are essential
to the determination of this case, but to correct erroneous doc-
trine which seems to have there received the sanction of this
court, although it did not control or affect the decision of the
case before it.

We may properly conclude with a few general observations
on the main question involved in the present case. The au-
thorities cited on behalf of the plaintiff, and numerous other
authorities on the subject of *escrows,* have been carefully ex-
amined, and we fail to find a case which conflicts with the fore-
going views, or with the real decision of this court in *Thomas
v. Sowards.* On the contrary, in *Thayer v. Luce & Fuller,
supra,* the court said: "The statute requires written evidence
of the agreement to the extent of charging the defendant."
It may be argued that, because the case was not one where a
deed was deposited *in escrow,* it has no application here. But
the court seems to have there declared a general principle,
applicable to a case like this, as well as to the case before it.

*Stanton v. Miller,* 58 N. Y., 192, is much relied on by
counsel for the plaintiff. There the whole contract affecting
the land, and the condition or contingency upon which the de-
positary of the deed was to deliver it to the grantees named
therein, were in writing, signed by the grantor. Such condi-
tion or contingency is thus expressed in one of the writings:
"The said deed is delivered to O. M. Benedict of Rochester
*in escrow,* for the use of the grantees at my decease, and not
deliverable to them before that time." At the time of deposit-
ing the deed with Benedict, the grantor was advised that she
might recall it at her option. Subsequently she directed Ben-
edict not to deliver, but to destroy it. The instrument not
having been destroyed, after the death of the grantor an action
was brought to compel delivery thereof to such grantees. The
court denied the relief prayed, on the ground that the written
contract was uncertain in respect to the parties to whom the
conveyance was to be made. That is to say, it was held that

Campbell vs. Thomas, imp.

the grantor did not contract to convey to the grantees named in the deed, and hence that she might lawfully control the instrument after it was deposited with Benedict. The contract provided for a conveyance of some kind to the father of the persons named as grantees in the deed, and his family, or to such members thereof as the grantor might choose. The court says: "The making of a deed *in escrow* presupposes a contract pursuant to which the deposit is made;" and because the grantees named in the instrument deposited with Benedict could not show a valid contract with the grantor that she should convey the land to them, the court refused to adjudge delivery of the deed after the grantor had directed that no delivery thereof should be made. The fact that the grantor elected, a few days after the original contract was made, to whom she would convey the land described therein, failed to save the plaintiff's case.

We perceive no ground on which this plaintiff's right of action can be sustained, unless it be held that, after having signed, acknowledged and deposited the deed as before stated, *Thomas* is estopped to deny that he made a valid contract with the plaintiff to sell and convey to the latter the land therein described, retaining a mortgage interest as security for a portion of the purchase money therefor. We are not aware of any principle of law which will authorize an application of the doctrine of estoppel to such a case.

Our conclusion is, that the judgment of the circuit court must be reversed, and the cause remanded with directions to that court to dismiss the complaint.

*By the Court.* — It is so ordered.

A rehearing having been granted on respondent's motion, the cause was reargued at the August term, 1876. Further briefs were filed by the counsel already named, and oral arguments were again made by *Mr. Van Buskirk* and *Mr. Fish*.

For the respondent it was contended, 1. That it is not true

that there must be a previous binding contract to convey land, in order to place a deed thereof, delivered to a third person on condition, for the grantee, beyond the grantor's control. (1.) There are very numerous cases which hold that where a party makes a deed *on a good consideration only*, and delivers it to a stranger, with absolute instructions to deliver to the grantee after the death of the grantor, such delivery is *in escrow*, and the title passes on the happening of the event. The following are some of these cases: *Ruggles v. Lawson*, 13 Johns., 284; *Goodell v. Pierce*, 2 Hill, 659; *Tooley v. Dibble*, id., 641; *Hatch v. Hatch*, 9 Mass., 307. In *Goodell v. Pierce*, the deed expressed no consideration, and parol evidence of relationship was admitted, to support it. No executory contract could have preceded the delivery of the deed in any case of this class, because *a good consideration only* is not sufficient to sustain such a contract. (2.) There is another class of cases where the grantor deposits his deed *in escrow*, with instructions to the depositary to deliver to the grantee in case the grantor fail to perform, within a given time, some condition, upon performance of which the depositary is to return the deed to the grantor. Of this class is *Raymond v. Smith*, 5 Conn., 555. In such cases the ultimate conveyance of the land by the grantor is not the end desired by him. It cannot be said, therefore, that the deed was made pursuant to a binding contract to convey; and none appears to have existed in any case of this class which has come under our notice. (3.) There is another class of cases of delivery *in escrow*, in which there is no contract between the parties, and no negotiation for sale, prior to the delivery of the deed. *Sparrow v. Smith*, 5 Conn., 113; *Coe v. Turner*, id., 86. (4.) There is a long list of cases where the deed has been deposited in pursuance of an oral agreement to convey land, and the depositary instructed to deliver to the grantee, on the performance of some condition by him. Of this class is *Beekman v. Frost*, 18 Johns., 543, 570 — a case which it seems difficult to distinguish from

the one at bar. (5.) If, when A. makes a deed of land to B., his son, with no consideration except the relationship, and, with the assent of B., delivers it to C. with instructions to deliver it to B. after A.'s death, it can be said that, because there was no contract binding A. to convey to B., the deed therefore remains under A.'s control and may be recalled by him at any time, then C. simply holds the deed as A.'s agent, and cannot make delivery after A.'s death, because that will terminate his agency. Litt., sec. 66; Co. Litt., 52 b; *Tate v. Hilbert*, 4 Bro. C. C., 291; *Belden v. Carter*, 4 Day, 66; *Prutsman v. Baker*, 30 Wis., 644. But all the authorities hold such a deed valid. In further support of the doctrine that a grantor who delivers a deed to a stranger, to be delivered to the grantee if he shall perform certain conditions — the grantee consenting to such delivery,— loses control over the instrument until the time of performance, and that, if the grantee performs the condition, the title passes and the deed must be delivered to him, counsel cited Perkins, 141; *Graham v. Graham*, 1 Ves. Jr., 272; *Millett v. Parker*, 2 Metc. (Ky.), 616; *Cook v. Brown*, 34 N. H., 476; Washb. R. P., 288. The cases that hold that the grantor has control over the deed, are cases where he reserves the right to control it (*Prutsman v. Baker*, *supra*); or where he delivers it with the understanding that he has a right to control it (*Stanton v. Miller*, 58 N. Y., 192); or where he delivers it without the knowledge or consent of the grantee (*Welch v. Sackett*, 12 Wis., 243). 2. That the condition on which a deed is to be delivered by the depositary to the grantee, is not a contract; and the courts uniformly hold that the instructions given the depositary may be either oral or in writing, or partly oral and partly in writing. *Stanton v. Miller* and *Raymond v. Smith*, *supra; Couch v. Meeker*, 2 Conn., 302. In the latter case, GOULD, J., says, that if the proof necessary to show the condition on which an escrow is to be delivered to the grantee, "should happen to involve evidence of a parol agreement re-

specting an interest in land, this circumstance cannot vary the rule. For the object and effect of the evidence are, not to enforce the latter agreement, but to show whether the written instrument is or is not the deed of the defendant." The language of SWIFT, C. J., is equally explicit.

For the appellant it was argued, 1. That, irrespective of the statute of frauds, the alleged agreement between the parties was void for want of mutuality. [On this point numerous authorities were cited.] 2. That the statute of frauds required the *whole* contract of sale to be in writing. *Wright v. Weeks,* 3 Bosw., 372; *Weed v. Clark,* 4 Sandf. S. C., 31; *Lang v. Henry,* 54 N. H., 57; *Beard v. Linthicum,* 1 Md. Ch., 345; *Thayer v. Luce,* 22 Ohio St., 62; *Fitch v. Bunch,* 30 Cal., 208.

The cause was finally determined at the August term, 1877.

LYON, J. The controlling question in this case is, whether it is essential to the plaintiff's right of action that there was a valid executory contract between the parties for the purchase and sale of the land described in the deed of the defendant deposited with Judge Hand. If this question be answered in the affirmative, the plaintiff cannot recover; for it is certain that no note or memorandum of the alleged agreement under which the plaintiff claims, expressing the consideration thereof, was reduced to writing and subscribed by the defendant. R. S., ch. 106, sec. 8.

The learned counsel for the plaintiff has met this question squarely, and, in his elaborate and most able arguments on the motion for a rehearing and on the rehearing of the cause, has maintained the proposition that " it is not true that a person must be under a previous binding executory contract to convey the lands described in the deed to the grantee, in order to place a deed thereof, delivered to a third person on condition for the grantee, beyond the control of the grantor."

Undoubtedly there is a class of cases in which this proposition is true. These are the cases where the deed has been

delivered by the grantor to a third person with instructions to deliver the same to the grantee on the happening of a future certain event — as the death of the grantor or some other person, — and such conditional delivery is assented to by the grantee. In such a case, if the grantor reserves no control over the deed, he cannot after such delivery recall it, but the grantee is entitled to it upon the happening of the event, although there is no valid executory contract to support it. The reason of this is, that the first delivery of the deed passes to the grantee the title to the land, and thus relieves him of the obligation to make title through any contract other than that expressed in the deed itself.

But by all of the authorities a deed so deposited with a third person to be delivered to the grantee on the happening of some event in the future which may or may not happen, does not pass title to the land described in it to the grantee until such event occurs, and then only from that time, or perhaps from the actual delivery of the deed to the grantee after the event has occurred. There may be exceptional cases, as where a man delivers his deed in escrow and dies before the conditions of the deposit are fulfilled. In such cases, it has been said that from necessity after the conditions are fulfilled the deed must take effect by relation as of the time of the first delivery. This, however, is not one of the exceptional cases; and it must be conceded, we think, that the deposit of the deed with Judge Hand by the defendant with the assent of the plaintiff did not transfer title to the plaintiff.

Because such deposit did not divest the plaintiff of his title to the land, there is no executed contract of sale; and hence, it seems almost too plain to be questioned or doubted that, before the plaintiff can obtain the delivery of the deed and the title to the land, after the defendant has recalled the deed and repudiated the whole transaction, he must show that the defendant has made a valid and binding agreement to sell and convey the land. And such an agreement can be evi-

denced only by a written note or memorandum thereof, expressing the consideration and subscribed by the defendant.

In many of the cases cited, there was no valid executory contract for the sale of the land, but the grantor permitted the deed to be delivered by the depositary to the grantee upon performance of the parol conditions of the deposit. Undoubtedly, the final delivery to the grantee in such cases operated to pass the title; as it would in the present case had the defendant seen fit to allow his void parol agreement to be thus consummated. In other cases cited, there was a compliance with the statute of frauds. *Everts v. Agnes*, 4 Wis., 343, is one of them. But we have not discovered a single case in which it has been held that one who has deposited a deed of land with a third person with directions to deliver it to the grantee on the happening of a given event, but who has made no valid executory contract to convey the land, may not revoke the directions to the depositary and recall the deed at any time before the conditions of the deposit have been complied with; provided those conditions are such that the title does not pass at once to the grantee upon delivery of the deed to the depositary.

The cases of *Welch v. Sackett*, 12 Wis., 243; *Brandeis v. Neustadtl*, 13 id., 142, and *Prutsman v. Baker*, 30 id., 644, as well as that of *Thomas v. Sowards*, 25 id., 631, contain much doctrine in perfect accord with the views here expressed. The latter of these cases, as was observed in the first opinion filed herein, is direct authority that in this case the plaintiff must show a valid executory agreement for the sale and purchase of the land, or fail in the action. And here it should be observed that the language of the opinion in *Thomas v. Sowards* which was commented on at some length in the former opinion in this case, was manifestly employed with reference to the facts in that case, without any intention to lay down a general rule of law applicable to other cases. In that view, the language seems unexceptionable. So far as

Campbell vs. Thomas, imp.

those comments are concerned, I am still inclined to the opinion that the views there advanced are correct. The proposition that the executory contract may be proved by the deed (if it is stated therein) is, however, still open in this court for argument and decision in a proper case.

Our conclusion is, that this case was correctly decided in the first instance. The judgment of the circuit court must therefore be reversed, and the cause remanded with the direction to that court to dismiss the complaint.

RYAN, C. J. I was absent from the court when this appeal was reheard, and had not the instruction of the very able argument which, I·learn from my brethren, was then made by the learned counsel for the respondent. I can judge somewhat of it, however, by the brief submitted on the motion for rehearing, which is indeed an excellent argument in itself.

There is no doubt that several of the authorities cited in the brief, and others, sustain the position of counsel. There are cases in the books upholding contracts resting largely in parol, against the letter and spirit of the statute; and going far to make its wholesome provisions mere dead letters. But I, for one, am indisposed to sanction such evasions of the statute; especially when I am supported by previous decisions of this court. My opinion might not be of weight enough successfully to resist the current of judicial heresy on this subject. But I ought at least to have judgment enough to adhere to right decisions here, against the strong influence of wrong decisions elsewhere.

When this appeal was decided on the first hearing, I concurred in some criticisms then made on the brief opinion of the late chief justice in *Thomas v. Sowards*, 25 Wis., 631, following upon what he had previously said in *Brandeis v. Neustadtl*, 13 Wis., 142. I am not prepared to concur still in those criticisms. A reëxamination of the subject inclines

me to assent to what was there said on the subject by that able and discriminating judge.

I see no use, and I have no leisure, for elaborate examination of the question in this case, beyond what is said in the opinion of Mr. Justice LYON on the first hearing. But I will add some words, to explain a little my own reasons for adhering strictly to the statute, in all such cases as this.

I have no doubt that an *escrow* may be proved by parol. The difficulty here is not in the proof of the alleged *escrow*, but in the proof of the contract of sale and purchase itself. When there is a valid contract under the statute, the papers constituting it, or executed in compliance with it, may be delivered in *escrow*, and the *escrow* may be proved by parol. But the validity of the *escrow* rests on the validity of the contract; and the validity of the contract rests on the statute.

I am informed that it was argued, on the rehearing, that the contract sought to be enforced for the respondent did not or might not so bind him that the appellant could have enforced it. A contract, even by deed poll, essentially implies two parties; and the remedies upon it must be mutual. And to concede that the appellant could not have enforced this contract, is to concede' that the respondent cannot; is to concede that there is no contract. If there be a valid contract for the respondent, it is equally so for the appellant. If the respondent can have specific performance of it, so could the appellant have had. Let us see how that would appear under the statute.

An avowed vendor assumes to deliver in *escrow* to a stranger, a conveyance of land, reciting a consideration. He accompanies it with a statement that the assumed vendee has bargained for the purchase, and is to pay so much money, or to execute such a mortgage, or to convey such another estate, to satisfy the consideration, at such a time, when the conveyance is to be delivered. The stranger receives the deposit in good faith, crediting the statement made with it. And by

Campbell vs. Thomas, imp.

and by, when the alleged vendee repudiates the whole thing and denies it upon oath, the depositary not unnaturally takes him for a knave, trying to evade his contract by perjury. And yet all the while the assumed vendee may know nothing of the matter, until he is sued for specific performance of a contract which he may never have made. In such a case the parties may contradict each other; one or the other necessarily attempting just such fraud and committing just such perjury as the statute was passed to prevent. It is easy to assume that in such a case the truth would appear. The statute assumes that it may not appear; and my observation inclines me to share the doubt of the statute. The object of the statute is to avoid occasion for such perjury, lest it prevail; "for prevention of many fraudulent practices, which are commonly endeavored to be upheld by perjury and subornation of perjury." I hope that, while I have the honor to remain in this court, no subtleties in the books will ever induce me to shut my eyes upon the statute, and so to concur in any judgment upholding such a contract; thus making.

> A scare-crow of the law,
> Setting it up to fear the birds of prey,
> And let it keep one shape, till custom make it
> Their perch, and not their terror.

For if this judgment were to be upheld, the respondent could have had judgment compelling the appellant to pay money and to execute note and mortgage, and might as well have had judgment to convey another estate; for nothing of which was there any contract or note or memorandum thereof in writing, signed by either party.

For, notwithstanding some things said the other way, I hold the mortgage to be as much within the statute as the conveyance. If the consideration in this case had been the sum expressed in the deed, payable, according to the terms of the deed, in money on delivery, of course the case would have raised a somewhat different question. It might then be

claimed that the whole contract, with all its terms, is in writing, signed by the vendor. Even in that case, however, the vendor's conveyance could not .have been made to appear a contract between the parties, without resorting to parol to prove the grantee's privity to it. Of such a case, I do not now express any opinion. But the radical defect of this case, as it stands, is, that the appellant's conveyance is, at best, but the fragment of a contract; several particulars, essential to both parties, resting wholly in parol. There is no writing to express the whole contract. In other words, under the statute, there is no contract.

*By the Court.* — The judgment of the circuit court is reversed, and the cause remanded with direction to dismiss the complaint.