GUMMER vs. THE TRUSTEES OF THE VILLAGE OF OMRO.

*Sale of land to village: Statute of frauds: Power of village clerk to accept deed: Waiver of condition by village authorities.*

1. Plaintiff offered orally to sell to a board of village trustees certain land at a specified price; and the village records show a resolution to accept the offer. *Held,* that there was no valid agreement, under sec. 8, ch. 106, R. S. 1858; there being no note or memorandum thereof, expressing the consideration, in writing subscribed by the alleged vendor.
2. Before any deed was tendered by plaintiff, the board of trustees entered on its records a resolution not to accept his proposition unless he furnished an abstract of title, showing clear title in himself. Without furnishing such abstract, plaintiff executed a deed of the land, and deposited it with the village clerk, who gave him a written acknowledgment of the receipt of the deed for the village, with a statement that the board agreed to pay plaintiff for the land by a village order; but there is no evidence that the clerk was authorized by the village to accept for it a deed of the land. *Held,* that, as no acceptance of the deed by the board or waiver of the condition appears, no cause of action for the price of the land is shown.
3. Even if plaintiff had shown a surrender of the *possession of the land* to the defendant corporation, and an acceptance of such possession by it, after the modification of its offer, he could not enforce the contract either at law or in equity, without furnishing an abstract of title, or showing that the condition had been waived.

APPEAL from the Circuit Court for *Winnebago* County.

Action to recover the purchase price of a certain lot of land which plaintiff alleges that he sold to the defendant village, and conveyed to it by a good and sufficient deed, which was

Gummer vs. The Trustees of the Village of Omro.

accepted. The evidence shows that on the 29th of May, 1876, plaintiff made a verbal offer to the defendant village to sell and convey the lot to it for the sum of $200; that on the same day the village board passed a resolution, which was entered upon their records, accepting the same; that on the 5th of June, 1876, the board passed another resolution to the effect that they would not accept the proposition of the plaintiff unless he furnished an abstract of title; and that, in case he could give a clear title to the lot, then they would accept his offer, and purchase; but that, in case the abstract was not satisfactory, then they did not deem it advisable to make the purchase. The plaintiff executed a deed to the lot, which was duly acknowledged and delivered to the clerk of the village, June 13, 1876. The grantee in the deed was the "Village of Omro," instead of "The Trustees of the Village of Omro," which is the corporate name. The clerk gave a receipt for this deed, and this receipt acknowledges the receipt of the deed for the village, and states that the board of trustees agree to pay the plaintiff $200 therefor, by a village order. On the 7th of August, 1876, plaintiff made out another deed to the village of the same lot, which was defective as to date of execution and date of acknowledgment, and this deed was also delivered to the clerk of the village. On the 17th of August, plaintiff made a third deed, which was in due form and properly executed.

The evidence also shows that on the 31st of July, 1876, the matter of paying for the lot was brought before the board, and laid upon the table because plaintiff had not furnished the abstract required. The evidence does not show that plaintiff ever furnished such an abstract; nor did he show title to the lot on the trial of this action.

On defendant's motion, a nonsuit was ordered; and plaintiff appealed.

For the appellant, there was a brief by *Finch & Barber*, and oral argument by *Mr. Barber*.

For the respondent, there was a brief by *Felker & Cleveland*, and oral argument by *Mr. Cleveland*.

TAYLOR, J.    It is clear that the verbal offer of the plaintiff to sell, and the resolution of the village board of May 29, 1876, to accept his offer, did not constitute a valid and binding agreement under sec. 8, ch. 106, R. S. 1858.' There was no note or memorandum of the agreement, expressing the consideration thereof, in writing subscribed by the party by whom the sale was made.    But the plaintiff insists that when he had made and delivered his deed to the clerk of the village, the written acceptance of his verbal offer to sell was supplemented and made complete by his conveyance of the property to the purchaser.    The difficulty with this claim is, that before any deed was offered by the plaintiff, the vendee had withdrawn its absolute acceptance of the verbal offer, and made a qualified acceptance of the same.    That, until such delivery of the deed by the vendor, the vendee might withdraw its acceptance altogether, or qualify it as it saw fit, is settled by the decisions of this court.    *Campbell v. Thomas*, 42 Wis., 437; *Thomas v. Sowards*, 25 id., 631.    These cases show clearly that the written acceptance of the vendor's verbal offer does not bind either party, and that nothing short of the delivery and acceptance of the deed of the vendor by the vendee, or perhaps the acceptance and retention of the possession of the property by the vendee, would bind it to pay the consideration agreed upon.    The execution and tender of the deed would not bind the vendee, without an acceptance thereof.

There is no evidence in the case which shows that the clerk was authorized by the village to accept for it a deed of the premises; the delivery of a deed, therefore, to such clerk, and the retention thereof by him, was not an acceptance thereof by the board, nor a waiver of the condition to furnish the abstract.

The plaintiff's case proceeds upon the ground that there had been a delivery of the deed according to his verbal offer, and an acceptance thereof by the defendant.    We think the evidence fails entirely to prove such fact, and no recovery can be had on that theory.

No recovery can be had on the theory that there was a

binding contract between the parties, by which the defendant was to accept the plaintiff's warranty deed of the premises, and pay him therefor the sum of $200, and that the plaintiff is ready and willing to deliver such deed. It is quite probable that had the plaintiff executed and delivered to the defendant an imperfect deed of the lands, and the defendant had taken a delivery of such deed without any withdrawal of its written acceptance of the verbal offer, such acceptance of the offer, and the execution, delivery and acceptance of the imperfect deed, would have made a valid and binding contract under the statute and within the decisions of this court above cited; but, as we have said, there is no evidence showing that the defendant ever accepted such imperfect deed in performance of the contract, or that it ever waived its right to have an abstract of the plaintiff's title; there is therefore no ground upon which the plaintiff can recover upon this theory of the case.

We do not think there is such evidence of the surrender of the possession by the plaintiff and the acceptance thereof by the defendant, as would take the case out of the statute; but if there had been such surrender and acceptance of possession by the defendant as would have taken the case out of the statute, the contract would not be changed by such acceptance of the possession. The possession was taken, if taken at all, after the defendant had modified its acceptance of plaintiff's offer, and must be held to have been taken under such modified acceptance. In such case the plaintiff could not enforce the contract either in equity or at law without furnishing the abstract of title required, or proving that such condition had been waived by the defendant.

The decision of the learned circuit judge appears to be right both upon legal and equitable considerations.

*By the Court.* — The judgment of the circuit court is affirmed, with costs.