JOZEFOWICZ and wife, Respondents, vs. LEICKEM, Appellant.

*April 6—July 13, 1921.*

*Escrows: Written instruments: Material parts of agreement resting in parol: Recall of instruments before compliance with conditions.*

1. Instruments in writing containing the whole contract of sale or exchange of real property are proper subjects of escrow; but written instruments which do not contain the whole contract so as to comply with the statute of frauds are not proper subjects of escrow and can be recalled by either party, though left with a third party for delivery upon conditions.
2. To constitute a true escrow a contract of sale must be fully executed and nothing left but the transfer of title when the terms of the escrow, all of which must be expressed in the written agreement and not rest in parol, are complied with.
3. Plaintiff and defendant executed deeds to each other, reciting a consideration of one dollar and the exchange of real estate, and an agreement by each grantee to assume payment of a mortgage on the property received by each respectively. The deeds were deposited with an attorney with verbal directions to deliver the same to the grantees when each presented a receipt showing payment of the back interest on the mortgage on the land conveyed by him. Before defendant tendered his receipt plaintiff demanded from the depositary the return of his deed, which demand was refused and the deed delivered to defendant. *Held,* that there was no valid delivery of the deed, since a material part of the contract rested in parol, and plaintiff was entitled to a cancellation of the deed executed by him and which the defendant had recorded.

APPEAL from a judgment of the circuit court for Kenosha county: E. B. BELDEN, Circuit Judge. *Affirmed.*

Suit in equity to cancel a deed on the ground that one of the grantors had not signed it and on the further ground that there had been no valid delivery of the deed. The court found there had been no delivery of the deed and on that ground entered judgment canceling it. The defendant appealed.

For the appellant there was a brief by *Edward F. Higgins,* attorney, and *Buckmaster & Hammond,* of counsel, all of Kenosha; and the cause was argued orally by *Walter W. Hammond.*

*John F. Kuehnl* of Kenosha, attorney, and *Fred R. Wright* of Milwaukee, of counsel, for the respondents.

The following opinion was filed May 3, 1921:

VINJE, J. Plaintiffs, husband and wife, owned a lot in the city of Kenosha subject to a mortgage of $3,200, the title to which lot was in the husband and which they claimed was their homestead. The defendant owned a number of lots in Racine subject to mortgages aggregating $3,900. *Mr. Jozefowicz* and defendant entered into an agreement for the exchange of the properties, and for the purpose of executing such agreement *Mr. Jozefowicz* secured an attorney by the name of Powell to draw a deed conveying plaintiffs' title to defendant. Such deed was drawn and *Mr. Jozefowicz* signed it. It was afterward taken to his home, and defendant claims *Mr. Jozefowicz's* wife also signed and acknowledged it. This she denied. The defendant left a deed with Powell conveying his Racine property to plaintiffs, also a note for $590 and second mortgage to cover difference in value of properties. His deed recited a consideration of one dollar and the exchange of real estate, and plaintiff's deed contained the same recital as to con-

sideration. Both deeds provided that the grantee or grantees assume and agree to pay the outstanding mortgages. Powell testified that when the papers were left with him it was the understanding of the parties that he should hold the papers till the defendant had paid up his back interest on the mortgages on his property and had presented a receipt therefor to him, and that plaintiffs were to do likewise as to the back interest on their mortgage. The papers were signed and left with Powell about March 8, 1919. Defendant did not tender his receipt for back interest to Powell until March 31, 1919. At least several days before that plaintiffs demanded from Powell the return of their deed, which demand he refused. Defendant had his deed recorded, he thinks, the day he got it from Powell. The deed was recorded March 31, 1919.

It will thus be seen that when the papers were left with Powell the contract for the exchange of properties was not fully completed. It is also apparent that the written papers did not express the full agreement. Each party was to pay up back interest on the mortgages on their respective properties and present a receipt therefor to Powell. Before that was done the plaintiffs refused to consummate the deal. Could they lawfully do so? It is clear that at the time the papers were completed and left with Powell no title passed, for it was expressly understood that he was to keep them and the trade was not to be consummated till the back interest was paid. It is equally clear that the papers drawn did not express the complete agreement as to consideration, for there was nothing said in them about the payment of back interest on mortgages up to the time of delivery. We have therefore a case where an escrow is attempted where there is a valid contract for the sale or exchange of real estate because a material part of the contract, namely, the true consideration agreed upon and the manner of payment,

rested in parol. In such case either party may, before performance of the void contract, refuse to perform. *Campbell v. Thomas,* 42 Wis. 437. It is there said:

"In many of the cases cited there was no valid executory contract for the sale of the land, but the grantor permitted the deed to be delivered by the depositary to the grantee upon performance of the parol conditions of the deposit. Undoubtedly, the final delivery to the grantee in such cases operated to pass the title; as it would in the present case had the defendant seen fit to allow his void parol agreement to be thus consummated. In other cases cited there was a compliance with the statute of frauds. *Everts v. Agnes,* 4 Wis. 343, is one of them. But we have not discovered a single case in which it has been held that one who has deposited a deed of land with a third person with directions to deliver it to the grantee on the happening of a given event, but who has made no valid executory contract to convey the land, may not revoke the directions to the depositary and recall the deed at any time before the conditions of the deposit have been complied with; provided those conditions are such that the title does not pass at once to the grantee upon delivery of the deed to the depositary." Page 450.

The rule is that instruments in writing containing the whole contract of sale or exchange are proper subjects of escrow, but that written instruments which do not contain the whole contract—in other words, which are within the statute of frauds—are not proper subjects of escrow and can be recalled by the grantors though left with a third party for delivery upon conditions. *Campbell v. Thomas,* 42 Wis. 437; *Popp v. Swanke,* 68 Wis. 364, 31 N. W. 916; *Kopp v. Reiter,* 146 Ill. 437, 34 N. E. 942, 22 L. R. A. 273 and note; *Barr v. Johnson,* 102 Ark. 377, 144 S. W. 527; *Moore, Keppel Co. v. Ward,* 71 W. Va. 393, 76 S. E. 807, 43 L. R. A. N. s. 390, and note.

To constitute a true escrow the contract of sale must be fully executed and nothing left but the transfer of title when the terms of the escrow are complied with. Those

terms, however, cannot embody a substantive part of the contract of sale resting in parol, though the fact of escrow may be shown by parol. *Campbell v. Thomas,* 42 Wis. 437.

There was in fact no escrow here. The papers were left with the attorney who drew them with the understanding that the deal should not be considered closed till the interest matters were adjusted. Before they were, the plaintiffs refused to perform and Powell had no authority to deliver the deed. In a true escrow the grantor parts with dominion over the instrument when it is delivered to the third person. In this case the papers were left with the scrivener with the understanding that both parties were to perform further acts before the escrow should become operative, and it was optional with both to refuse to perform because the agreement rested in part in parol and was therefore not enforceable. Had plaintiffs permitted Powell to deliver, they no doubt would have precluded themselves from thereafter questioning the exchange as stated in *Campbell v. Thomas,* 42 Wis. 437, 450. Here objections to delivery were timely made, and the trial court correctly found that there had been no valid delivery of the deed, conceding it had been signed by the wife.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on July 13, 1921.