WILLIAM P. KOPP *et al.*

*v.*

CORA E. REITER *et al.*

*Filed at Ottawa March 31, 1893.*

1. STATUTE OF FRAUDS—*sale of land—memorandum to take case out of the statute.* This court has held, in a number of cases, that in order to ascertain what sort of writing is sufficient to meet the requirements of section 2 of the Statute of Frauds, no form of language is necessary, if only the intention can be gathered, and that any kind of writing, from a solemn deed down to mere hasty notes or memoranda in books, papers or letters, will suffice.

2. But the writings, notes or memoranda must contain on their face, or by reference to others, the names of the parties, vendor and vendee, a sufficiently clear and explicit description of the property to render it capable of being identified from other property of like kind, together with the terms, conditions (if any) and price to be paid or other consideration to be given.

3. And such writing, note or memorandum must be signed by the party to be charged, or, if signed by an agent, the authority of such agent must be in writing, signed by the party to be charged, and the contract, memorandum or note thereof made by the agent must also be in writing.

4. SAME—*whether an undelivered deed may be a sufficient memorandum of a contract for the sale of land.* Where the husband of the owner of a lot, without any authority, written or parol, from his wife, made a written contract for the sale of her lot on certain terms, which was not shown to her, and she afterward made a deed to the purchaser, which made no reference to the contract and failed to express its terms, and which she deposited with her husband to be delivered on certain conditions, but it was destroyed without delivery, it was *held,* that such deed could not be regarded as such a memorandum or note of the original contract as to take the case out of the Statute of Frauds.

5. It is true that an undelivered deed is sometimes resorted to for the purpose of helping out the requirements of the Statute of Frauds, but if such a deed can be regarded as meeting the requirements of the statute, it must be a memorandum or note of the contract, or, in other words, must refer to the terms and conditions of the contract. If it is silent as to the terms of the contract pursuant to which it is made, it is no evidence in writing of such contract.

6. An undelivered deed executed in pursuance of an oral agreement of sale can not be regarded as a sufficient memorandum to satisfy the statute, unless it is shown to contain a memorandum of the oral agreement.

7. Where the owner of land has signed a written contract of sale, or some writing amounting to such a contract, but has failed therein to describe the property, a deed executed by him, but not delivered, may be looked to as a part of the transaction, and may be made to aid the prior agreement, and secure its enforcement by supplying the defect in such description.

8. Where the owner of land. without making a valid executory contract to convey it, deposits a deed of the land with a third person, to be delivered to the grantee upon certain terms, he may revoke the instructions given to such third person and recall the deed at any time before the specified terms have been complied with; nor can such deed, invalid as a conveyance for want of delivery, be considered as a memorandum in writing signed by the owner, agreeing to convey the land therein described, so as to authorize a decree of specific performance. A deed which has not been delivered is not by its own force, and aside from any contract to which it may be related, a sufficient writing to meet the requirement of the statute.

Appeal from the Circuit Court of Cook county; the Hon. Lorin C. Collins, Judge, presiding.

The original bill in this case was filed in the Circuit Court of Cook County on July 8, 1891, by the appellee, Cora E. Reiter, against the appellant, William P. Kopp, the appellee, Edward Reiter, and B. F. Cronkrite and Henry M. Bacon, for the purpose of removing the contract and trust deed hereinafter described as clouds upon her title to a lot owned by her, and situated in the town of Hyde Park in said county. Subsequently, the appellants, William A. Hammond and Frank C. Vierling, claiming to be the real purchasers of the lot in Kopp's name, were. made defendants. Answers were filed to the original bill; and a cross-bill and amended cross-bill were filed by Kopp, Hammond and Vierling against Cora E. and Edward Reiter, praying for a specific performance of said contract, which cross-bills were answered by the defendants thereto, and in the answers the statute of frauds was

pleaded. The bill was afterwards dismissed as to Cronkrite upon his delivering into the hands of the clerk of the court the said contract and the $250.00 therein mentioned. The cause was referred to a master to take the evidence and report his findings thereon. Upon the hearing, the Circuit Court decreed in favor of the complainant in the original bill, granting the relief therein prayed, and dismissed the cross-bill, ordering the clerk to pay over the $250.00 to said Kopp, and directing Bacon, the trustee, to release the trust deed. From this decree the case is brought here by appeal.

On December 27, 1890, and prior thereto and thereafter, the appellee, Cora E. Reiter, was the owner in her own right of the lot in question. On that day her husband, Edward Reiter, entered into a written contract with said Kopp, agreeing to sell the lot to him for $5000.00, Kopp paying $250.00 down as earnest money, and agreeing to pay $2750.00 within 5 days after the title should be examined and found good provided a warranty deed conveying a good title should then be ready for delivery; and, for the balance, to give his note for $2000.00, payable in one year with interest at the rate of six per cent per annum, secured by a trust deed upon the property; an abstract of title to be furnished within a reasonable time, etc. Before December 27 Edward Reiter had placed a sale board upon the lot offering it for sale in his own name, and had also authorized the real estate firm of B. F. Cronkrite & Co. to place their sale board upon it. Reiter and Kopp were brought together by George E. Farley, an employe of Cronkrite & Co., at whose office the contract was drawn by Farley, and with whom the earnest money and the contract were left. On December 31 the abstract was delivered to Kopp. Within ten days thereafter, Kopp presented to Cronkrite & Co., as the only objection to the title raised by his attorney, a written memorandum, suggesting that an affidavit be obtained showing the death of a party, whose death was recited in a deed in the chain of title. On January 7,

1891, Farley drew up a warranty deed and a note and trust deed as above specified. The warranty deed was executed on January 7 or 8 by Mrs. Reiter and her husband, but was retained by the latter and never delivered; nor does it appear that it was ever approved by Kopp, or submitted to him, or seen by him. The note and trust deed appear to have been thereafter executed by Kopp, but were never delivered to or received by Reiter, though he examined the original drafts before their execution. Reiter never obtained the required affidavit, and treated the objection to the title as trivial, claiming that it was made for delay only. Matters remained in this condition—Reiter calling at the office of Cronkrite & Co. several times to know why the money and note and trust deed were not ready, and Kopp calling to ask if the affidavit was obtained—until January 16, 1891, when the residence of Mr. and Mrs. Reiter was destroyed by fire. On the morning of January 17, which was Saturday, Mrs. Reiter told her husband that she was tired of the delay, and that, unless the matter was closed that day, she would not allow the deed to be delivered. Accordingly he went, during the forenoon of that day, to the office of Cronkrite & Co., and demanded that the matter be closed. Farley at once telephoned to Kopp, who was at work in a bank, informing him of Reiter's presence and demand. Upon being told that the affidavit was not yet procured, Kopp answered that he would waive the production of the affidavit as he was to receive a warranty deed, but could not leave the bank and would not be able to pay the money until Monday, January 19. When this answer was communicated by Farley to Reiter, the latter stated that the transaction must be completed on that day (Saturday), or not at all. On Monday Kopp came to the office of Cronkrite & Co. to pay the money and exchange the papers, but was told that it was too late. On Wednesday January 21 he tendered to Mr. Reiter the $2750.00 and the note and trust deed and demanded the deed, but Reiter refused to deliver the deed or

to accept the money and securities.   On January 21 Kopp recorded a copy of the contract, and also the trust deed.   Some days afterwards Reiter destroyed the deed.

Mr. George R. Grant, and Mr. Charles E. Pope, for the appellants :

Anything effectuating the object of the statute is sufficient to take the case out of the Statute of Frauds.   *Gibson* v. *Holland*, 1 L. R. C. P. 1; *Welford* v. *Beazley*, 3 Atk. 503; *Drury* v. *Young*, 55 Md. 550; *Moore* v. *Mountcastle*, 61 Mo. 424; *Jenkins* v. *Harrison*, 66 Ala. 345.

What the statute requires is, not that the contràct should be in writing, but that written evidence should be furnished of what the contract is.   *Townsend* v. *Hargraves*, 118 Mass. 325; *Jenkins* v. *Harrison*, 66 Ala. 345; *Johnston* v. *Jones*, 85 id. 286; *Bowles* v. *Woodson*, 6 Gratt. 78; *Parrill* v. *McKinley*, 9 id. 1; *Gillatley* v. *White*, 18 Grant's Ch. 1; *Thayer* v. *Luce*, 22 Ohio St. 62; *Blacknall* v. *Parish*, 6 Jones' Eq. 70; *Bayne* v. *Wiggins*, 139 U. S. 214; *Lasher* v. *Gardner*, 124 Ill. 449 ; *Drury* v. *Young*, 58 Md. 550; *McConnell* v. *Brillhart*, 17 Ill. 354; *Moore* v. *Mountcastle*, 61 Mo. 424; *Bennett* v. *Waller*, 23 Ill. 183; *Work* v. *Cowhick*, 81 id. 318; *Wood* v. *Davis*, 82 id. 311; 3 Washburn on Real Prop. (5th ed.) 322.

The character of the evidence is immaterial.   Such evidence may be furnished by *any* written evidence, such as contracts, deeds, letters, affidavits, pleadings in chancery, or memoranda.   *Allen* v. *Bennett*, 3 Taunt. 169; *Allen* v. *Bower*, 3 Bro. Ch. 149; *Gibson* v. *Holland*, 1 L. R. C. P. 1; *Welford* v. *Beazley*, 3 Atk. 503; *Welch* v. *Coley*, 82 Ala. 363; *Seagood* v. *Neal*, 1 Strange, 426; *Townsend* v. *Hargraves*, 118 Mass. 325; *Jenkins* v. *Harrison*, 66 Ala. 345; *Johnston* v. *Jones*, 85 id. 286; *Bowles* v. *Woodson*, 6 Gratt. 78; *Parrill* v. *McKinley*, 9 id. 1; *Gillatley* v. *White*, 18 Grant's Ch. 1; *Henry* v. *Root*, 33 N. Y. 526; *Thayer* v. *Luce*, 22 Ohio St. 62; *Blacknall* v. *Parish*, 6 Jones' Eq. 70; *Bayne* v. *Wiggins*, 139 U. S. 214;

*Cannon* v. *Handley*, 72 Cal. 133; *Moncrief* v. *Goldsborough*, 4 H. & McH. 280; *Tawney* v. *Crawther*, 3 Bro. Ch. 161; *Drury* v. *Young*, 58 Md. 550; *Moss* v. *Atkinson*, 44 Cal. 3; *Moore* v. *Mountcastle*, 61 Mo. 424; *Peabody* v. *Speyers*, 56 N. Y. 230; *Campbell* v. *Dennistoun*, 23 Up. Can. C. P. 339; *Wood* v. *Davis*, 82 Ill. 311; *Spenglar* v. *Danforth*, 65 id. 152; *Work* v. *Cowhick*, 81 id. 318; *Lasher* v. *Gardner*, 124 id. 449; *Bennett* v. *Waller*, 23 id. 183; 3 Washburn on Real Prop. (5th ed.) 322.

That the writers of such written evidence may not have intended to charge themselves, is immaterial. *Townsend* v. *Hargraves*, 118 Mass. 325; *Welford* v. *Beazley*, 3 Atk. 503; *Tawney* v. *Crawther*, 3 Bro. Ch. 161; *Drury* v. *Young*, 58 Md. 550; *Moore* v. *Mountcastle*, 61 Mo. 424; *Moss* v. *Atkinson*, 44 Cal. 3; *Peabody* v. *Speyers*, 50 N. Y. 230; *Wood* v. *Davis*, 82 Ill. 311; *Spengler* v. *Danforth*, 65 id. 152.

Such written evidence need not have been delivered to the party seeking the performance of the contract, or to his agent. *Seagood* v. *Neal*, 1 Strange, 426; *Welford* v. *Beazley*, 3 Atk. 503; *Buxton* v. *Rust*, 7 L. R. Exch. 279; *Allan* v. *Bower*, 3 Browne's Ch. 149; *Smith* v. *Watson*, Bunbury, 55; *Gibson* v. *Holland*, 1 L. R. C. P. 1; *Allen* v. *Bennett*, 3 Taunt. 169; *Jenkins* v. *Harrison*, 66 Ala. 345; *Johnston* v. *Jones*, 85 id. 286; *Gillatley* v. *White*, 18 Grant's Ch. 1; *Bowles* v. *Woodson*, 6 Gratt. 78; *Parrill* v. *McKinley*, 9 id. 1; *Thayer* v. *Luce*, 22 Ohio St. 62; *Walsh* v. *Coley*, 82 Ala. 363; *Work* v. *Cowhick*, 81 Ill. 318; *Cannon* v. *Handley*, 72 Cal. 133; *Wood* v. *Davis*, 82 Ill. 311; *Bennett* v. *Waller*, 23 id. 183; *Lasher* v. *Gardner*, 124 id. 449; *Peabody* v. *Speyers*, 56 N. Y. 230; 3 Washburn on Real Prop. (5th ed.) 322.

This evidence as to the existence and terms of the contract, or ratification thereof, may be supplied at any time after the contract is completed. *Wood* v. *Davis*, 82 Ill. 311; *Jenkins* v. *Harrison*, 66 Ala. 345; *Spengler* v. *Danforth*, 65 Ill. 162; *Johnston* v. *Jones*, 85 Ala. 286; *Thayer* v. *Luce*, 22 Ohio St. 62; *Bennett* v. *Waller*, 23 Ill. 183; *Work* v. *Cowhick*, 81 id.

318, and other cases hereinbefore cited, in which the written admissions as to the contents of the contract were made after the contract was executed.

The point is, that an admission in writing of what the contract is, or a written ratification, is almost always made after the contract is entered into. As is said by this court in *Lasher* v. *Gardner*, 124 Ill. 449: "An admission in writing of the bargain having been made, will  *  *  *  satisfy the statute."

The execution of a deed with a view to a consummation of a contract of sale is tantamount to a ratification of such contract, and relates to a time when there was a concurrence of the minds of the contracting parties. *Johnston* v. *Jones*, 85 Ala. 286, and cases therein cited.

The true doctrine is stated in *Mason* v. *Caldwell*, 5 Gilm. 196.

Messrs. Ashcraft & Gordon, for the appellees:

The facts do not take the case out of the Statute of Frauds. *Albertson* v. *Ashton*, 102 Ill. 50; *Cagger* v. *Lansing*, 43 N. Y. 553; *Cannon* v. *Cannon*, 26 N. J. Eq. 316; *Overman* v. *Kerr*, 17 Iowa, 485; *Freeland* v. *Charnley*, 80 Ind. 132; *Campbell* v. *Thomas*, 42 Wis. 437; *Parker* v. *Parker*, 1 Gray, (67 Mass.) 409; *Farwell* v. *Lowther*, 18 Ill. 252; *Seymour* v. *Belding*, 83 id. 222; *Weaver* v. *Fries*, 85 id. 356; *Cloud* v. *Greasley*, 125 id. 313.

The cross-complainants were not entitled to specific performance. *Doyle* v. *Teas*, 4 Scam. 202; *Scott* v. *Shepard*, 3 Gilm. 483; *Warren* v. *Richmond*, 53 Ill. 52; *Brown* v. *Cannon*, 5 Gilm. 174.

Mr. Justice Magruder delivered the opinion of the Court:

Under the facts did Mrs. Reiter, the owner of the lot, make any such contract for its sale and conveyance as a court of equity will compel her to perform?

Section 2 of the Statute of Frauds provides as follows : "No action shall be brought to charge any person upon any contract for the sale of lands, etc.,   *   *   *   unless such contract or some memorandum or note thereof shall be in writing, and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized in writing, signed by such party." (1 Starr & Cur. Ann. Stat. chap. 59, sec. 2, page 1192). It cannot he contended here, that there has been any such part performance of a parol contract by payments, possession and improvements, as will take the case out of the statute of frauds. The purchaser, Kopp, never took possession of the lot, nor made any improvements upon it. The only payment he made was that of the earnest money, $250.00. This amount, however, was not paid to Mrs. Reiter, but to Cronkrite & Co., who never had any authority from her, written or otherwise, to make sale of the lot, or to take any other steps in regard to it.

We have held in a number of cases that, in order to ascertain what sort of writing is sufficient to meet the requirements of the statute as above quoted, no form of language is necessary, if only the intention can be gathered ; and that any kind of writing from a solemn deed down to mere hasty notes or memoranda in books, papers or letters will suffice ; but that the writings, notes or memoranda must contain on their face, or by reference to others, the names of the parties, vendor and vendee, a sufficiently clear and explicit description of the property to render it capable of being identified from other property of like kind, together with the terms, conditions (if there be any), and price to be paid, or other consideration to be given ; and such writing, note or memorandum must be signed by the party to be charged, or, if signed by an agent, the authority of such agent must be in writing signed by the party to be charged, and the contract or memorandum or note thereof made by the agent must also be in writing and signed by him. (*McConnell* v. *Brillhart,* 17 Ill. 354 ; *Cossitt* v. *Hobbs,*

56 id. 231; *Wood* v. *Davis*, 82 id. 311; *Albertson* v. *Ashton*, 102 id. 50; *Chappell* v. *McKnight*, 108 id. 570; *Lasher* v. *Gardner*, 124 id. 441).

The only writing ever signed by Mrs. Reiter in this case was the warranty deed which she executed on or about January 7, 1891, and which remained in the hands of her husband, and was never delivered to Kopp, or to Vierling, or Hammond. We do not think, that this deed can be regarded, under the facts disclosed by the record, as such a memorandum or note of a contract for the sale of the land, as is sufficient to take the case out of the statute of frauds. The contract of December 20, 1890, was executed by and between Mr. Reiter and the appellant, Kopp, but not by Mrs. Reiter, the owner of the lot. She gave her husband no written authority to act as her agent for the sale of the lot, or to sell it, or to sign any contract for the sale of it. We think that the findings of the Master, to whom the cause was referred, and whose report was confirmed by the court below, are sustained by the evidence. He finds in his report, that, before said contract was executed, Mrs. Reiter was not consulted about it, and did not consent to it, and did not even give her husband any parol authority to sell the lot. The testimony shows, that she was opposed to selling the lot, and reluctantly executed the deed at the request of her husband. Although he informed her of the execution of the contract after he had signed it, yet it was never shown to her, and she never saw it until the hearing of the cause.

The Master has found, and the evidence shows, that the deed was not executed with reference to the previous written contract between Reiter and Kopp, but with the understanding that Mr. Reiter was to deliver it upon receiving $3000.00 in money and a note and trust deed for $2000.00. The deed simply purported to convey the premises from the grantors to the grantee for a consideration of $5000.00, but it did not recite the terms of the contract or in any manner refer to the contract.

Counsel for appellant disclaim any reliance upon the unde-
livered deed as a conveyance of title, but contend that it is
such written evidence of the contract of sale as satisfies the
statute of frauds, whose object and meaning "is to reduce
contracts to a certainty in order to avoid perjury on the one
hand (by the setting up of parol evidence which is easily
fabricated), and fraud on the other;" (*Welford* v. *Beazley*, 3
Atk. 503); that the non-delivery of the deed, regarded as such
written evidence, is immaterial; that it is immaterial whether
Mrs. Reiter did or did not intend to charge herself thereby;
and that the deed was an admission in writing of what the
contract was.  It is true, that an undelivered deed is some-
times resorted to in order to help out the requirements of the
statute of frauds, but it can hardly be said that the circum-
stances, under which such a deed can be so used, are disclosed
by the facts in the present record.  The language of the stat-
ute is: "Some memorandum or note thereof."  The word
"thereof" refers back to the word, "contract."  There must
be some memorandum or note in writing of the contract.
Hence, if an undelivered deed executed by the owner can be.
regarded as meeting the requirements of the statute, it must
be a memorandum or note of the contract, or, in other words,
must refer to the terms and conditions of.the contract.

In *Cagger* v. *Lansing*, 43 N. Y. 550, it is said: "The counsel
*   *   *   insists that the deed executed by the intestate and
delivered in escrow is a contract for the sale of the land exe-
cuted by the intestate.  This position cannot be sustained.
The deed purports to be a conveyance of all the intestate's
interest in the premises for a consideration therein expressed
of $1000.00, but is wholly silent as to the terms of the con-
tract pursuant to which it was made."

In *Campbell* v. *Thomas*, 42 Wis. 437, it was held, that one
who had deposited a deed with a third person with directions
to deliver it to the grantee on the happening of a certain event,
but had made no valid executory contract to convey the land,

could revoke the directions to the depositary and recall the deed at any time before the conditions of the deposit had been complied with, provided those conditions were such that the title did not pass at once to the grantee upon delivery of the deed to the despositary; and it was there said: "If a person, who has made a parol agreement to sell land, sign an instrument in the form of a conveyance of such land to the vendee, and deposit it *in escrow,* if such instrument contains the terms of the parol agreement including the consideration, it is a sufficient compliance with the requirements of the statute of frauds."

In *Swain* v. *Burnette,* 89 Cal. 564, it was held that an undelivered deed executed in pursuance of an oral agreement of sale cannot be regarded as a sufficient memorandum to satisfy the statute of frauds, unless it is shown to have contained a memorandum of the oral agreement. (*Freeland* v. *Charnley,* 80 Ind. 132; *Parker* v. *Parker,* 1 Gray, 409; *Overman* v. *Kerr,* 17 Iowa, 485; *Cannon* v. *Cannon,* 26 New Jer. Eq. 316; *Johnston* v. *Jones,* 85 Ala. 286).

Many of the cases, cited as authority for the position that a deed executed by an owner of land but not delivered, is a sufficient memorandum of a contract of sale under the statute, will thus be found, upon examination, to refer to deeds containing the terms of the contract. In the case at bar, however, as has already been stated, the deed executed by Mrs. Reiter and her husband was a simple conveyance of the lot for a consideration of $5000.00, and was silent as to the terms of the contract of December 27, 1890.

Where the owner of land has signed a written contract of sale, or some writing amounting to such a contract, but has failed therein to properly describe the property, a deed executed by him but not yet delivered, may be looked to as a part of the transaction, and may be made to aid the prior agreement and secure its enforcement, by supplying the defect in such description. Thus, in *Jenkins* v. *Harrison,* 66 Ala. 345, to which reference is made by counsel for appellant, a

memorandum in writing, purporting to contain the terms of
a contract for the sale of land and signed by both of the par-
ties, failed to describe the property with the certainty and
definiteness requisite to a specific performance, but deeds, in-
operative for want of delivery, were executed by the parties a
few days afterwards which did correctly describe the land;
and it was held, that such undelivered deeds, and the memo-
randum signed by the parties, might, when taken together,
satisfy the requisitions of the statute of frauds, the court say-
ing: "When the memorandum * * * is taken and read,
as it must be, in connection with the deeds subsequently exe-
cuted, there is no doubt or uncertainty as to the terms of the
contract for the sale of the lands. True, the deeds do not
expressly refer to the memorandum, but they were all executed
as parts of a single transaction, between the same parties,
having reference to the same subject-matter."

In *Work* v. *Cowhick*, 81 Ill. 317, property was struck off to
appellant as the highest bidder at an administrator's sale,
and the administrator's deed of the land and a note signed by
the purchaser, in which she promised to pay to the adminis-
trator the purchase money "for land purchased by Elizabeth
Work this day at administrator's sale," were left with a third
person to be held, until the purchaser should obtain personal
security on the note and execute a mortgage at which time
the deed was to be delivered; it was held, in a suit by the ad-
ministrator against the purchaser for a failure to carry out the
sale, that the making of the deed and the signing of the note
might be regarded as one transaction, and that together they
constituted such proof as amounted to a compliance with the
statute of frauds; the description in the deed indicating what
land was referred to by the imperfect description in the note.

So, in *Wood* v. *Davis*, *supra*, written authority to an agent
to sell land, and the terms of a contract of sale, were embodied
in letters written by the owner, who also sent to the agent an
executed deed to be delivered, but which was never in fact

delivered; and, when, after refusal by the agent to consummate the trade, suit for damages was brought by the purchaser against the owner, it was held, that such a contract was established as took the case out of the operation of the statute of frauds, and that, although the memoranda contained no description of the land, the description in the undelivered deed could be referred to to supply the defect.

It is manifest, however, that all these cases differ from the case at bar. Here, the undelivered deed executed by Mrs. Reiter cannot be used to supplement, or supply any defect in, a prior contract of sale, or a prior note, or memorandum, of a contract of sale, because there was no prior contract, or note, or memorandum, which she had signed, or to which she was a party, or which she had authorized to be made. The contract of sale theretofore entered into was made by Mr. Reiter, without either written or parol authority from her. Nor can her undelivered deed, subsequently destroyed, be regarded as a ratification of the agreement made by her husband, because it was not made in pursuance of that agreement, or to carry it out, but without any reference to it.

Where, as is the case here, the owner of land, without making a valid executory contract to convey it, deposits a deed of it with a third person to be delivered to the grantee upon certain terms, he may cancel the instructions given to such third person and recall the deed at any time before the specified terms have been complied with; nor can such deed, invalid as a conveyance for want of delivery, be considered as a memorandum in writing, signed by the owner agreeing to convey the land therein described so as to authorize a decree of specific performance. A deed, which has not been delivered, is not, by its own force and aside from any contract to which it may be related, a sufficient writing to meet the requirements of the statute of frauds.

For these reasons we think, that the decree of the Circuit Court was right, and the same is accordingly affirmed.

*Decree affirmed.*