(No. 19710.—■■■■)
ALFRED HEROUX *et al.* Appellants, *vs.* JOSEPH ROMANOWSKI *et al.* Appellees.

*Opinion filed October 19, 1929.*

FRANK MOLAND, for appellants.

T. FRED LARAMIE, for appellees.

Mr. JUSTICE HEARD delivered the opinion of the court:

Appellants, Alfred E. Heroux and Corine Heroux, filed their bill and amended bill in the superior court of Cook county against appellees, Joseph Romanowski and Helen Romanowski, for the specific performance of a contract for the sale and exchange of real estate. Appellees filed a demurrer to the amended bill and it was sustained by the court. Appellants electing to stand by their amended bill, a decree was entered dismissing it for want of equity.

By the contract, which was made a part of the amended bill of complaint, among other things, appellants agreed to convey to appellees "the following described real estate, situated in the county of Cook and State of Illinois, to-wit:

Six three-room flats and two (2) four-room flats at the northwest corner of Belden avenue and Lamon avenue, commonly known as 2302-2310 North Lamon avenue and lot, section......, township......, north range......, east of the third P. M.," and appellees agreed to convey to appellants "the following described real estate, situated in the county of Cook and State of Illinois, to-wit: One five-room flat and two six-room flats at 3517 Palmer street and the lot, section......, township......, north range......, east of the third P. M."

To entitle a party to a specific performance of a contract the terms of the contract must be clear, certain, unambiguous and free from doubt. (*Olson* v. *Forsberg,* 332 Ill. 266.) A contract for the sale of land must definitely point out the land to be conveyed or furnish the means of identifying the land with certainty. If the contract fails in either of these respects a court of equity will not decree its specific performance. (*Kopprasch* v. *Satter,* 331 Ill. 126.) In the case last mentioned the contract was for sale of "property at 1332 Melrose street." This court takes judicial knowledge of the fact that in the county of Cook there are many cities and villages, in any one of which, for aught that appears in the amended bill of complaint, there might be a Belden avenue, Lamon avenue or Palmer street. The descriptions of the properties in the contract in question are so uncertain as to require parol evidence to locate the properties, and as these ambiguities appear on the face of the writing itself, the uncertainty in the descriptions cannot be cured by extrinsic evidence. (*Doyle* v. *Teas,* 4 Scam. 202; *Kohlbrecher* v. *Guettermann,* 329 Ill. 246.) The contract is so uncertain and ambiguous that a court of equity will not decree its specific performance.

The superior court properly sustained the demurrer and dismissed the amended bill for want of equity, and its decree is affirmed.

*Decree affirmed.*