Mabelle A. Golinkin, Appellee, v. First Union Trust and Savings Bank, Appellant.

Gen. No. 36,984.

Opinion filed June 20, 1934.

AMBERG, OTT, DAHLIN & LIVINGSTON, for appellant; FRANK L. PAUL and ROBERT P. PERKAUS, of counsel.

WILLIAM LEVINE, for appellee.

Mr. Justice Hebel delivered the opinion of the court.

This is an appeal by the defendant from a judgment entered in the municipal court of Chicago for the sum of $750 in favor of the plaintiff upon a hearing before the court without a jury.

The action was by the plaintiff against the defendant for moneys had and received, and is based upon the allegation that the plaintiff was the payee of two certain checks drawn by the Utility Securities Company to her order, one dated January 17, 1928, for the sum of $500, and the other dated July 31, 1928, for the sum of $250. These checks were drawn on the First Trust and Savings Bank, and it is alleged that the defendant paid both of said checks upon an unauthorized and forged indorsement of plaintiff's name and that the proceeds of the checks were never received by the plaintiff. To this claim the defendant filed an affidavit of merits.

The defendant contends that the plaintiff by the filing of a prior suit against the drawer of the checks in question selected her remedy and is bound by such election. This may be true, provided the plaintiff had knowledge of the material facts when the suit was instituted, and the prior suit was inconsistent with the remedy sought by the plaintiff in the present case.

The prior suit by the plaintiff was for recovery by her upon an action for moneys had and received, and upon the plaintiff's theory her position in that case was that the defendant still had her money, which the defendant received and which fully appears from the two accounts with this company. To this action, however, the defendant Utility Securities Company claims that it paid the amount claimed by the plaintiff by the issuance of two checks drawn to her order. The case was tried upon the issues joined and from the evidence, the court in the trial of that case entered a judgment against the plaintiff.

It is the contention of the defendant that the plaintiff in the present suit affirmed the payment of the money by the Utility Securities Company in the prior suit, and ratified the payment of her account with the Utility Company by checks which were drawn to her order. Having ratified the accounts with the Utility Company, she now seeks payment of the checks, which she contends were paid upon a forged indorsement.

The doctrine of the election of a remedy and the choice by a litigant of one of two inconsistent remedies may be an election not to pursue the other, and this doctrine is applied in the case of *Sluka v. Bielicki,* 335 Ill. 202, where the court said:

"Where two remedies for the breach of a binding contract exist, one an action at law for violation of the contract and the other for specific performance, and one of these remedies is elected by the party suing, then, under the doctrine of election of remedies, he cannot resort to the other. (*Bell v. Anderson,* 292 Ill. 605.) Where the doctrine of election of remedies applies the bar arises as soon as the choice is made, and becomes full and absolute against the other remedy at the time of the filing of the petition, declaration or claim. (*Bradner Smith & Co. v. Williams,* 178 Ill. 420.) This has been the rule in this State since *Herrington v. Hubbard,* 1 Scam. 569."

This court upon the same question said in the case of *Kaszab v. Metropolitan State Bank,* 264 Ill. App. 358:

" 'Election of Remedies' is the choice or adoption of one of two or more existing remedies, the use of one of which would preclude a resort to the others. In order to make a case of the application for this elective principle, the party having the right to the choice and selection must actually have at command two inconsistent remedies. The doctrine of election is based on the theory that where there are inconsistent rights or remedies, of which a party may avail himself, a

choice of one is held to be an election not to pursue the other. If, however, the remedies are coexisting and consistent, the doctrine of election does not apply. Courts of law are open to litigants to furnish redress for injuries or damages sustained, but it places upon the litigant the duty of electing the course which he desires to pursue. If the actions are inconsistent, the courts place the responsibility of election on the one who seeks its aid and assistance. *Glezos v. Glezos,* 346 Ill. 96.'' And this court in its opinion, after discussing the authorities cited, further said upon this question:

''From these cases the doctrine appears to be fairly well settled that where one sues a drawee bank on a check paid by it on a forged indorsement, he takes the position that the bank still has his money and that the money paid out by the bank was the bank's money and, therefore, not binding as to him. Where one sues another who has indorsed such a check over to the drawee bank, he necessarily takes the position that the money paid by the drawee bank was wrongfully paid and therefore wrongfully detained. The positions are mutually contradictory.

''By electing to hold the drawee bank, one whose name has been forged to a check is placed in the position of refusing to ratify the payment by the bank on the forged instrument. No case in the Supreme Court of this State has been directly passed upon and the opinion in *Bartlett v. First Nat. Bank of Chicago,* 156 Ill. App. 415, cited by plaintiff, is not controlling. The Supreme Court of this State, however, inferentially has recognized the distinction between the liability of the drawee bank and an indorser guaranteeing prior indorsements.

''In the case of *Independent Oil Men's Ass'n v. Fort Dearborn Nat. Bank,* 311 Ill. 278, the court in its opinion says:

'' 'Defendant in error might have brought an action of trover against plaintiff in error for unlawful con-

version of its property, but it chose to waive the tort and to bring its action in assumpsit for money had and received for its use. That it had a right to do this is well established by the great weight of authority. (*Rauch v. Fort Dearborn Nat. Bank*, 223 Ill. 507; *Hamlin's Wizard Oil Co. v. United States Express Co.*, 265 id. 156; *Talbot v. Bank of Rochester*, 1 Hill, 295; *Buckley v. Second Nat. Bank*, 35 N. J. L. 400; *Farmer v. People's Bank*, 100 Tenn. 187, 47 S. W. 234; *Crisp v. State Bank*, 32 N. D. 263, 155 N. W. 78.)' "

Under this doctrine it is necessary, before a party is bound by the election of one of two remedies, that he have full knowledge of all the facts. In this case the facts are substantially that the plaintiff learned upon inquiry that her account with the Utility Securities Company had been closed and that checks were issued in payment. After consultation with her attorney, she instituted suit in the municipal court of Chicago against the Utility Securities Company for the amount due her, alleging that her account was closed without her consent, and therefore the company was still indebted to her. The case was tried upon the issues, and the court found against her.

It appeared from the evidence in that case that two checks in the sum of $500 and $200 respectively, were issued by the company, and upon the trial the checks were impounded and held until the trial of the instant case. The plaintiff then filed the suit now before this court for recovery of the amount of the two checks issued by the Utility Securities Company. The checks were delivered by the Utility Company to Allen L. Golinkin; the former husband of the plaintiff, and by him cashed. The present action ratifies the closing of the plaintiff's account with the Utility Company and the delivery of the checks of the company to Allen L. Golinkin, and it appears from the evidence that Golinkin opened this account with money furnished to

him by his wife, and that he was permitted to handle the account for her, and if at any time he saw fit he could close the account.

This action is entirely inconsistent with the former suit, and the plaintiff, under the doctrine of election of remedies, cannot, after making her choice, resort to this form of action. The plaintiff, no doubt, could have recovered in the action in the instant case, and the defendant would have had no defense, but having selected her remedy in her former lawsuit after consulting with her attorney in that case, she is not now in a position to recover in this action. The plaintiff is in a unique position, for in the prior suit she took the position that her account with the Utility Securities Company was still open, and that the sum evidenced by this account was still due at the time she filed her first suit, and now in the present case, by her position, she ratifies the closing of her account and the payment by checks of the Utility Company for the amount she claims due. This, of course, cannot be done.

Another question has been called to our attention, and that is that the judgment order in the prior suit is *res adjudicata* of the issues involved in this case. However, this issue is not material, in view of the fact that by the election of her remedy the plaintiff in the prior suit waived her right of action in the present suit, and the court erred in entering judgment on the finding.

For the reasons stated in this opinion the judgment for the plaintiff will be reversed and judgment will be entered by this court for the defendant.

*Judgment for plaintiff reversed and judgment here for defendant.*

HALL, P. J., and WILSON, J., concur.