**MODE v. WHITLEY et al.**
No. 63–D.

District Court, E. D. Illinois.
Dec. 2, 1939.

Harry I. Hannah and Thomas R. Figenbaum, both of Mattoon, Ill., for plaintiff.

C. D. Kiger, of Mattoon, Ill., for Whitleys.

Walter Davison, of Mattoon, Ill., and Wm. M. Acton, of Danville, Ill., for Carter Oil Co.

LINDLEY, District Judge.

Plaintiff brought this action to recover damages for breach of contract. He seeks judgment in the first count against George F. Whitley and Gladys I. Whitley for damages for their breach, and in the second, against the same defendants and the Carter Oil Company, on the ground that the latter improperly induced the breach.

From the complaint it appears that the Whitleys entered into a contract with plaintiff, partly oral and partly in writing, for the execution of an oil lease upon 169 acres of ground. The only writing relied upon is a receipt by George F. Whitley, reciting payment to him of $10 "on account of oil and gas lease on hand containing approximately 169 acres in Sections 15 and 17, township 13 North, Range 7 East of the Third Principal Meridian, Coles County, Illinois. Said Ten Dollars is to be retained whether or not you complete payment of balance due on lease by December 24, 1938, which balance is the sum of Eight Hundred and Thirty Five Dollars." Plaintiff charges further, however, that the lease was executed by the Whitleys and placed in escrow with a bank, with directions that it be delivered to plaintiff upon payment of $835. After the deposit and before the time for performance had expired, plaintiff withdrew the lease from the depository and refused to comply with the contract.

Defendants move to strike the complaint and for judgment for defendants on the ground that the contract, being partly in writing and partly parol, is within the Statutes of Frauds of Illinois (Smith-Hurd Ill. Ann.Stat. Chap. 59, Sec. 2), which provide that no action shall be brought to charge any person upon any contract for the sale of lands, or any interest in or concerning them for a longer term than one year, unless such contract or some memorandum or note thereof shall be in writing and signed by the party to be charged therewith, or by some other person by him lawfully authorized in writing. Defendants insist that the description in the writing is so indefinite and uncertain as not to be capable of identification; that the terms and provisions of the alleged contract are not definite

and certain, and that the agreement, therefore, is void under the statute.

■ It is alleged that the parol agreement provided that the lease should be for all the oil and gas under the premises and that it should continue for a term of ten years or as long thereafter as oil should be produced. It was therefore, a contract to occupy the premises for the production of oil for an indefinite period and as such conferred upon the lessee a freehold estate. Carter Oil Co. v. Owen, D.C., 27 F.Supp. 74, at page 77 and Illinois cases there cited.

■ The Illinois courts, in construing the statute quoted, have announced that oral contracts for land cannot be taken out of the Statutes of Frauds by executing a deed and placing it in escrow, unless the deed itself contains all of the agreement of the parties. There must be a valid contract between the parties as to the subject matter of the instrument, and if the memorandum is insufficient, it cannot be aided in any way by the delivery in escrow of a deed which contains none of the essential agreements of the parties. Main v. Pratt, 276 Ill. 218, 224, 225, 114 N.E. 576; Johnson v. Wallden, 342 Ill. 201, 206, 173 N.E. 790; Bell v. Anderson, 292 Ill. 605, 610, 127 N.E. 87; Kopp v. Reiter, 146 Ill. 437, 34 N.E. 942, 22 L.R.A. 273, 37 Am.St.Rep. 156.

■ The document upon which the action is based discloses no sufficient description. The land is not described; its location is not fixed, and no words sufficient to identify it specifically are included. Courts recognize that that which can be made certain is certain, provided the basis for making it certain appears in the instrument. If the writing had said "our farm of 169 acres," located in a certain township, extrinsic evidence would be admissible to show the exact description, but in the absence of such means of identification fixed by the instrument itself, as a memorandum it is wholly insufficient under the statute. Crocker v. Smith, 366 Ill. 535, 9 N.E.2d 309; Kopprasch v. Satter, 331 Ill. 126, 162 N.E. 141; Heroux v. Romanowski, 336 Ill. 297, 168 N.E. 305; Hogan v. Orr, 341 Ill. 58, 62, 173 N.E. 162.

Plaintiff relies upon Ullsperger v. Meyer, 217 Ill. 262, 75 N.E. 482, 483, 2 L.R.A., N.S., 221, 3 Ann.Cas. 1032. There the memorandum was dated "Chicago, Jan. 8, 1904," and recited the payment of $100 on the "purchase of the property No. 1031 Milwaukee Ave., at the price of $14,000."

While the court did not specifically pass upon the sufficiency of the description, it is apparent that the memorandum contained words fixing the identity of the property to be conveyed, namely, the premises at 1031 Milwaukee Avenue, Chicago.

In Adams v. Pendarvis, 217 Ill.App. 535, likewise relied upon, the memorandum was dated at Good Hope, Illinois, September 12, 1917, and recited that $800 had been received "as part payment on my 80 acre farm in Sciota Township for the sum of thirteen thousand which I have sold to S. P. Adams." Here it was apparent that the vendor was agreeing to sell his 80 acre farm in a certain township in or near Good Hope, Illinois. The identity of the property to be conveyed could easily be fixed and made certain.

These facts distinguish the two decisions from the cases above referred to. Thus in Hogan v. Orr, supra [341 Ill. 58, 173 N.E. 163], the memorandum described the property as "Ground about 5 acres cor. Bronse and Eliz Peoria Ill." The Supreme Court held this description insufficient, in view of the fact that street crossings have four corners and that it was, therefore, impossible to ascertain from the agreement what was to be conveyed. In Kopprasch v. Satter, supra, the memorandum recited the deposit of $100 for purchasing "property at 1332 Melrose street." The court commented that the instrument did not state in what city, county or state the property was situated and did not refer to any extrinsic facts which would aid in pointing out with any degree of certainty the property intended to be conveyed. In Heroux v. Romanowski, supra, the memorandum describes the property as "one five-room flat and two six-room flats at 3517 Palmer street." This description, likewise, was held insufficient. Of similar import are Shackleford v. Bailey, 35 Ill. 387; Hughes v. Streeter, 24 Ill. 647, 76 Am.Dec. 777; Alleman v. Hammond, 209 Ill. 70, 70 N.E. 661.

■ It follows, therefore, that under the Illinois Statute of Frauds, the memorandum relied upon is wholly insufficient as a contract upon which an action can be based; that, inasmuch as the agreement provides for the conveyance of a freehold, the statute controls; that the deposit of the conveyance in escrow in nowise amplified, explained or made clear the original agreement of the parties and was wholly ineffectual to overcome the defects arising from the memorandum itself and that the

complaint, being insufficient, must be and is hereby stricken.

Judgment will enter in favor of defendants and against plaintiff, dismissing the plaintiff's action, in bar of plaintiff's suit and for costs.