Wesley C. Stewart, Jr., Minor, by Roberta Howard, Guardian and Next Friend, Appellee, v. Lewis Nathanson and Bertha Nathanson, Appellants.

Gen. No. 45,025.

Heard in the first division of this court for the first district at the December term, 1949. ■■■■ Opinion filed June 5, 1950. Rehearing denied June 26, 1950. Released for publication June 26, 1950.

RUDNICK & WOLFE, of Chicago, for appellants.

DAVID ALSWANG and WILLIAM W. SHER, both of Chicago, for appellee.

MR. JUSTICE FEINBERG delivered the opinion of the court.

Plaintiff, a minor, by his guardian and next friend brought suit under the Dram Shop Act against Lewis Nathanson, Bertha Nathanson and Morris Protus. Protus was the lessee and owner of a tavern; defendants Nathanson were the owners of the property and the lessors, having leased the premises to Protus for the conduct of a tavern and sale of intoxicating liquors. Judgment for $10,000 by default was entered against all defendants. Defendants Nathanson petitioned to vacate said judgment, and upon a hearing the judgment as to them was vacated, and on plaintiff's motion the suit was dismissed as to them but continued as to defendant Protus. Thereafter a judgment by default was entered only against defendant Protus. This appeal is from a decree entered under section 15 of the Dram Shop Act [Ill. Rev. Stat. 1949, ch. 43, par. 136; Jones Ill. Stats. Ann. 68.043] to subject the premises to the lien of said judgment.

Defendants filed an answer, which was stricken for insufficiency, and by leave of court filed an amended answer, paragraphs 6, 7 and 8 of which were, on motion of plaintiff, stricken. Paragraph 6 of said amend-

218

ed answer set up the institution of the original action, the entry of the judgment by default, and that the same was vacated as to all of the defendants. Paragraph 7 alleged that defendant Protus falsely and fraudulently hindered and prevented these defendants from safeguarding or otherwise protecting their interest in the premises; that he fraudulently concealed from them that suit was filed against him by plaintiff under section 14 of the Dram Shop Act [Ill. Rev. Stats. 1949, ch. 43, par. 135; Jones Ill. Stats. Ann. 68.042]; that he fraudulently permitted judgment to be taken against him in said cause. Paragraph 8 alleged that plaintiff having joined defendants in the original dram shop action, and having dismissed them out of the action after the judgment was vacated, that it constituted an election of remedies and, therefore, plaintiff waived all of his rights to invoke any remedy against the premises provided by section 15 of the Dram Shop Act. Defendants having elected to stand by their amended answer, the instant decree appealed from was entered, making the judgment a lien against the premises and providing for a sale to satisfy said lien.

The only question presented by this appeal is the sufficiency of those portions of the amended answer relied upon, which were stricken.

■ Defendants contend that the action of plaintiff in joining these defendants in the original dram shop action and thereafter dismissing them constitutes an election of remedies, and that plaintiff is now barred from proceeding under section 15 of the Dram Shop Act to subject the property to the lien of the judgment. *Glezos v. Glezos,* 346 Ill. 96; *Golinkin v. First Union Trust & Savings Bank,* 276 Ill. App. 40, and *Kaszab v. Metropolitan State Bank,* 264 Ill. App. 358, relied upon by defendants, all hold that to constitute an election of remedies there must be two or more

remedies for the redress of a wrong or enforcement of a right, based upon *inconsistent theories*. The remedy under section 14 of the Dram Shop Act, which allows a recovery of damages, is not inconsistent with the remedy under section 15, which provides for an action *in rem* to enforce the lien of any judgment recovered under section 14. It is regarded as an additional remedy. In *Gibbons v. Cannaven*, 393 Ill. 376, 389, the court said:

"Section 14 gives to one injured in consequence of the sale of intoxicating liquor three distinct remedies. First, he may sue the tavern keeper alone and obtain a personal judgment against him. Second, he may sue the tavern keeper and the owner of the building jointly and obtain a personal judgment against them, or third, he may sue the owner of the building separately and obtain a personal judgment against him. In either case the judgment would be a lien upon all the property of the defendant or defendants sued. Section 15 gives to the person so injured the additional right to enforce a judgment obtained by him against the keeper of the tavern against the property used for the sale of intoxicating liquors, provided the owner has leased it, or knowingly allowed it to be used for that purpose."

To the same effect is *Garrity v. Eiger*, 272 Ill. 127, affirmed in 246 U. S. 97.

 Defendants also contend that it is a good defense to allege that the judgment upon which the instant action is predicated was procured by fraud or collusion. There would be merit in this contention had the amended answer set up such facts, which, if true, would constitute fraud or collusion. The portions of the answer stricken wholly fail to set up any facts, but are replete with conclusions and were properly stricken. *Aaron v. Dausch*, 313 Ill. App. 524, 533;

*Haskell v. Art Institute of Chicago,* 304 Ill. App. 393, 401; *Dean v. Kirkland,* 301 Ill. App. 495. In *Dickinson v. Dickinson,* 305 Ill. 521, it was said:

"A general allegation of fraud, however strong in expression, is insufficient. The bill should point out and state the particular facts and circumstances relied on as constituting the fraud."

The decree of the superior court is affirmed.

*Affirmed.*

Tuohy, P. J., and Niemeyer, J., concur.